David S. TUCKER, and all employees of the Defendants who are similarly situated, Plaintiffs,

v.

LABOR LEASING, INC., a dissolved Florida corporation, Regal Express, Inc., a Michigan corporation, Gator Freightways, Inc., a Florida corporation, and R & L Transfer, Inc., an Ohio Corporation, Defendants.

No. 93–1259–Civ–J–10.

April 15, 1994.

Arthur George Sartorius, III, Sartorius & Wilber, Jacksonville, FL, for plaintiffs.

Peter Reed Corbin, Richard Neal Margulies, Jacksonville, FL, for defendants.

## ORDER

SNYDER, United States Magistrate Judge.

This cause came to be heard on April 14, 1994, on Plaintiffs' Motion to Compel Discovery (Doc. # 14), filed on January 10, 1994 (hereinafter Motion). Plaintiffs seek an order compelling each of the Defendants to answer six interrogatories to which the Defendants have objected. *See* Plaintiffs' Response to Defendants' Objections to Interrogatories (Doc. # 15), filed on January 10, 1994 (hereinafter Plaintiffs' Response); Defendants' Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery (Doc. # 22), filed on February 7, 1994.

### Background

Plaintiff David S. Tucker initiated this action on behalf of himself and, pursuant to 29 U.S.C. § 216(b), all other employees of the Defendants who were or are not exempt from the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* His complaint alleges that each of the Defendants employed him and others similarly situated to him for periods longer than forty hours per week without paying them at a rate of at least one and one-half times their regular pay rate, contrary to the requirements of 29 U.S.C. § 207. Sometime after the complaint was filed, Plaintiff Tucker settled his individual claim with the Defendants. *See* Stipulation of Dismissal With Prejudice of Plaintiff Tucker's Individual Claims (Doc. # 26), filed on February 16, 1994. However, two former employees of the Defendants have consented to join the action in both an individual and representative capacity. Moreover, Defendants' motion to dismiss the "class action" allegations of Plaintiffs' complaint was denied by the District Court by Order (Doc. # 9) entered on November 1, 1993.

### Discussion

Interrogatories 1, 2, and 3 seek information regarding prior civil, criminal or regulatory actions involving overtime compensation. This information is clearly discoverable to show whether the failure to pay overtime compensation alleged in this case was willful.

*See, e.g., Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 967 (6th Cir.1991) (finding proof of earlier violations conclusive of issue of willfulness).

Interrogatories 4, 5, and 6, however, are more difficult. Interrogatory 4 seeks names of all employees of the Defendants who are "not exempt pursuant to the terms of the Fair Labor Standards Act." Plaintiffs' Response at 8. Interrogatories 5 and 6 seek names and addresses of employees of the Defendants who were due overtime compensation but did not receive it. Plaintiffs seek this information, among other things, for the purpose of facilitating Court-supervised notice to other employees of the Defendants who may wish to join this action. *Id.* at 12. Generally speaking, discovery for such a purpose is proper. *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 170, 110 S.Ct. 482, 486, 107 L.Ed.2d 480 (1989).

■ There are legitimate concerns, however, about the scope of the requests, and whether Plaintiffs or their counsel should be permitted to contact any of the employees so listed without Court permission. Initially, the Court notes interrogatory 4 contains no time limits; however, Plaintiffs represented at the hearing they were seeking only the names and addresses of current employees. Further, interrogatory 4 requests information regarding *all* employees not exempt from the terms of the Fair Labor Standards Act, and interrogatories 5 and 6 seek information regarding *any* employees not paid overtime pay when it was due. It appears only those employees who are " 'similarly situated' with respect to their job requirements and with regard to their pay provisions" to the Plaintiffs may properly be notified of this action and their right to "opt-in." *Dybach v. State of Florida Dep't of Corrections,* 942 F.2d 1562, 1567–68 (11th Cir.1991).

Thus, although interrogatory 4, for example, asks Defendants to identify "all employees ... employed in the position of rater, biller, non-management office staff or other position not exempt pursuant to the terms of the Fair Labor Standards Act," Plaintiffs' Response at 8, it, along with interrogatories 5 and 6, will be limited to individuals employed as rater, biller, or non-management office staff. Whether "non-management office staff" are similarly situated to the current Plaintiffs in their job duties will be further addressed at the hearing on Plaintiffs' Motion to Approve Notice to Potential Class Members (Doc. # 12), filed on January 10, 1994 (hereinafter Motion to Approve Notice).[1]

■ Interrogatories 4, 5, and 6 are also unlimited as to the geographical area they are intended to cover. Defendants represent the current Plaintiffs each worked at the Defendants' Jacksonville, Florida, terminal between the years 1990 and 1993. However, a Michigan corporation and an Ohio corporation, Defendants Regal Express, Inc., and R & L Transfer, Inc., respectively, are still parties to this case. Moreover, according to the allegations of the complaint, the Defendants are effectively a single entity doing business in several states, and each of them failed to pay overtime compensation when it was due. Hence, while a showing will have to be made that employees of the Defendants located elsewhere are similarly situated to the current Plaintiffs before a notice can properly issue to employees outside of the Jacksonville, Florida, terminal, it appears Plaintiffs are at least entitled to discovery of these employees so that they might make such a showing.

Finally, regarding whether Plaintiffs should be able to contact any of the employees identified in Defendants' answers who are not already parties to this case, Defendants correctly note that, in class actions governed by Rule 23, Federal Rules of Civil Procedure, the Local Rules provide:

> In every case sought to be maintained by any party as a class action, all parties thereto and their counsel are hereby forbidden, directly or indirectly, orally or in writing, to communicate concerning such action with any potential or actual class

---

1. To facilitate such an inquiry, Defendants should identify in their answers to Plaintiffs' interrogatories the type of position, in general terms, each employee held. The identification could be as simple as the title of the position each employee held and the dates he or she held the position.

member, not a formal party to the case, without approval by order of the Court. Rule 4.04(e), Local Rules, United States District Court, Middle District of Florida. Although this rule appears to govern class actions asserted under Rule 23, the concerns embodied in the rule about the possibility of improper solicitation and other dangers would appear to be equally applicable to collective actions, like this one, asserted under 29 U.S.C. § 216(b).

If applied in § 216(b) collective actions, however, Rule 4.04 would seemingly collide with the duty imposed on Plaintiffs, under *Dybach,* to show, to the satisfaction of the district court, that there are employees of the Defendants who are not only "similarly situated," but who desire to "opt-in" to the pending action. 942 F.2d at 1567. In other words, Plaintiffs would be hard pressed to prove there are similarly situated employees who *desire* to join this lawsuit if they can have no contact with any of these employees to inquire about their desires one way or the other.

■ After careful evaluation of the competing concerns expressed in *Dybach* and Rule 4.04, the Court finds these concerns may be reconciled by adopting the approach taken in *Garner v. G.D. Searle Pharmaceuticals & Co.,* 802 F.Supp. 418 (M.D.Ala.1991). In that case, the court, in evaluating the plaintiffs' showing in light of the standard outlined in *Dybach,* concluded it was sufficient for them to show "that there are other 'similarly situated' [employees] who *may* decide to opt-in if notified of this action." *Id.* at 422 (emphasis added).[2] The Court reasoned "[t]o impose a strict standard of proof on the plaintiffs at this stage would unnecessarily hinder the development of collective actions and would undermine the 'broad remedial goals' ... of the FLSA." *Id.* Following this approach harmonizes the standard outlined in *Dybach* with the salient policies behind Rule 4.04(e).

Accordingly, the Motion is **GRANTED** as to interrogatories 1, 2, and 3; further

GRANTED as to interrogatory 4 with the understanding it is limited to current employees, and further limited to those individuals employed in the position of rater, biller, or other non-management office staff; and **GRANTED** as to interrogatories 5 and 6 limited to employees employed in the position of rater, biller, or other non-management office staff; otherwise **DENIED.** Each of the Defendants shall serve answers to their respective interrogatories, as limited herein, within thirty (30) days of the date of this Order.

Plaintiffs and their counsel shall have no contact with any of the employees, other than those already parties to this case, disclosed by Defendants' answers to Plaintiffs' interrogatories without prior leave of court. Finally, the parties are advised the hearing on the Motion to Approve Notice and Defendants' Motion for Sanctions (Doc. # 19), filed on February 7, 1994, will be set by separate notice.

**DONE AND ORDERED.**

---

2. The plaintiffs in *Garner* filed an action to enforce the provisions of the Equal Pay Act of 1963, 29 U.S.C. § 206(d), and were attempting to bring a collective action for that purpose under § 216(b). The Court found sufficient for purposes of court-approved class notification the fact they had "identified 40 female sales representatives hired into Searle's Southern Region since 1976 who could each point to at least one male hired for the same position and pay grade in the same year who received a higher salary." 802 F.Supp. at 422.