Deborah **CRAWFORD**, Gloria Faulk, et al., Plaintiffs,

v.

**DOTHAN CITY BOARD OF EDUCATION, Defendant.**

No. CV–03–A–253–S.

United States District Court, M.D. Alabama, Southern Division.

May 19, 2003.

wage or overtime provisions of the Fair Labor Standards Act.

The United States Supreme Court has explained that when a collective action is conditionally certified, it is appropriate for a district court to permit the discovery of the names and addresses of employees. *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *see also Vaszlavik v. Storage Technology Corp.,* 175 F.R.D. 672, 681–82 (D.Colo.1997)(stating that once a collective action is certified, plaintiffs are entitled to discovery to determine the names and addresses of putative class members). Where discovery is sought in the absence of a conditionally certified collective action, however, such discovery has been denied. *See, e.g., Brooks v. BellSouth Telecommunications, Inc.,* 164 F.R.D. 561, 571 (N.D.Ala.1995).

This approach comports with the two-step process adopted by the Eleventh Circuit for resolving requests for conditional certification of a collective action. That is, at the first step, or notice stage, the court makes a preliminary determination of whether individuals are similarly situated by examining the pleadings and affidavits. *See Hipp v. Liberty National Life Ins. Co.,* 252 F.3d 1208, 1218 (11th Cir.2001). If a collective action is conditionally certified, the defendant may move to de-certify the collective action based upon evidence gained through discovery. *Id.* Applying that analysis in this case, because no collective action has been conditionally certified, discovery before step one of the two-step process is premature.

Accordingly, the Plaintiffs' Motion for Leave to Conduct Limited Discovery for Purposes of Conditional Class Certification (Doc. # 6) is ORDERED DENIED.

Robert S. Ramsey, Dothan, AL, for Plaintiffs.

James R. Seale, Montgomery, AL, for Defendants.

## ORDER

ALBRITTON, Chief Judge.

This matter is before the court on the Plaintiffs' Motion for Leave to Conduct Limited Discovery for Purposes of Conditional Class Certification (Doc. # 6).

The Plaintiffs seek to discover through interrogatories to be propounded to the Defendant the identity of any non-exempt, non-certified employees of the Defendant to whom a self audit reveals wages have been or should have been paid under the minimum