Nancy K. HAMMOND, et al., Plaintiffs,

v.

**LOWE'S HOME CENTERS, INC., Defendant.**

**No. CIV.A. 02–2509–CM.**

United States District Court, D. Kansas.

Aug. 15, 2003.

---

Michael F. Brady, Overland Park, KS, Thomas H. Brill, Leawood, KS, Stephen J. Dennis, Dennis E. Egan, The Popham Law Firm, P.C., Kansas City, MO, for Plaintiffs.

Keith Hult, John A. Ybarra, Littler Mendelson, P.C., Chicago, IL, Marko J. Mrkonich, Andrew J. Voss, Littler Mendelson, P.C., Minneapolis, MN, Matthew R. O'Connor, Anthony J. Romano, Polsinelli Shalton & Welte, P.C., Kansas City, MO, for Defendants.

## MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

Pending before the Court is Plaintiffs' Motion to Compel Discovery Responses (doc. 25). Plaintiffs request an order compelling Defendant to withdraw its objections and fully respond to Plaintiffs' Interrogatory Nos. 2–5, 8, 12, and 13. In addition, Plaintiffs seek their costs and expenses in filing this motion. Defendant has filed its response opposing Plaintiffs' motion. For the reasons stated below, Plaintiffs' Motion to Compel Discovery Responses (doc. 25) will be granted in part and denied in part.

### I. Background

Plaintiffs bring this action on behalf of themselves and other similarly-situated employees of Defendant to recover unpaid overtime compensation, unpaid minimum wage compensation, liquidated damages attorney fees and costs, under section 16(b) of the Fair Labor Standards Act ("FLSA").[1] Plaintiffs allege that Defendant's Salaried Plus Overtime–Eligible Plan fails to fully compensate them and other similarly-situated individuals in accordance with 29 U.S.C. § 207(f) or 29 C.F.R. § 778.114, which provide guidelines for payment of fixed salary for fluctuating hours. Specifically, Plaintiffs allege that Defendant improperly deducts amounts from employees' salaries for partial day absences, that Plaintiffs did not work irregular hours, and that their hours routinely exceeded forty hours per week.

Plaintiffs filed their Complaint on October 1, 2002. The Court conducted the Rule 16(b) scheduling conference on February 18, 2003. On March 4, 2003, Plaintiffs served their First Set of Interrogatories to Defendant. On April 30, 2003, Defendant served its Answers to Plaintiffs' First Set of Interrogatories in which it asserted various objections to the interrogatories at issue in this motion.

After attempting to confer with Defendant to resolve the issue without court action, as required by Fed.R.Civ.P. 37(a)(2)(A) and D. Kan. Rule 37.2, Plaintiffs filed the instant motion to compel discovery responses from Defendant on May 30, 2003.

### II. Waiver of Defendant's Objections to Plaintiffs' Interrogatories

■ The Court first addresses Plaintiffs' contention that Defendant has waived its objections to Plaintiffs' Interrogatories under Federal Rule of Civil Procedure 33(b). This rule provides that "[t]he party upon whom the interrogatories have been served shall serve a copy of the answers, and objections, if any, within 30 days after the service of the interrogatories."[2] Furthermore, "[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown."[3]

Applying this rule, Defendant's answers and objections to Plaintiffs' First Set of Interrogatories appear untimely, and thus appear waived. Plaintiffs served their First Set of Interrogatories upon Defendant on March 4, 2003. Pursuant to Rule 33(b)(3), the deadline for Defendant to serve its answers and objections to the interrogatories would have been April 3, 2003. Defendant did not serve its answers and objections to Plaintiffs' Interrogatories until April 30, 2003, clearly after the Rule 33(b)(3) deadline for serving answers and objections to Plaintiffs' First Set of Interrogatories.

Defendant asserts that it has good cause for the delay in serving its answers and objections to Plaintiffs' First Set of Interrogatories. It argues that it has cooperated with Plaintiffs with respect to discovery in good faith, and Plaintiffs have no basis to claim that its discovery objections have been waived. In addition, Defendant states it has worked extensively with Plaintiffs' counsel to cooperatively exchange discovery information in this case without strict adherence to time limitations, and it has not objected when Plaintiffs required additional time to respond to discovery. It argues that it would be wholly inequitable for Plaintiffs to now claim that Defendant has lost its ability to assert

---

1. 29 U.S.C. § 216(b).

2. Fed.R.Civ.P. 33(b)(3).

3. Fed.R.Civ.P. 33(b)(4).

objections to discovery requests by calling upon the strict time limitations in spite of the parties' cooperative efforts thus far in the case.

Based upon the fact that neither party has strictly complied with the discovery deadlines in this case, the Court finds that it would be inequitable to deem Defendant's answers and objections to Plaintiffs' First Set of Interrogatories as waived. The Court therefore will excuse Defendant's failure to timely serve its objections for good cause shown and will consider Defendant's objections to Plaintiffs' First Set of Interrogatories.

## III. Interrogatories at Issue

### A. Interrogatory Nos. 2 and 3

Plaintiffs' Interrogatory No. 2 requests that Defendant identify "all regions and/or districts designated by Defendant company in which a 'Salaried Plus Overtime–Eligible Plan' similar to that utilized in the Shawnee, Kansas store has been used by Defendant." Interrogatory No. 3 seeks identification of any states, sales districts, or sales regions that are not currently using a Salaried Plus Overtime–Eligible Plan similar to that utilized in Defendant's Shawnee, Kansas store. Defendant objects to these interrogatories as overbroad, and on the grounds that they seek information that is not relevant. After asserting its objections, Defendant answered that it "utilizes 'Salaried Plus Overtime–Eligible Plans' for certain non-exempt job classifications in all Lowe's stores within District 1254."

Plaintiffs' motion requests that the Court compel Defendant to answer these interrogatories without limiting the answers to the district in which named Plaintiffs were employed. They claim that this information concerning the locations in which Defendant's Salaried Plus Overtime–Eligible Plan is utilized, and the locations in which it is not currently utilized, is relevant to their claims.

In response, Defendant argues that Plaintiffs are not entitled to information that does not relate to their own claims for additional overtime wages because they have failed to move for provisional certification of a collective action. Defendant additionally argues that Plaintiffs have failed to explain why information related to compensation decisions in other parts of the country would be relevant to compensation calculations for employees at its Shawnee, Kansas store.

### 1. Relevancy objections

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." [4]

Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[5] A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[6] When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[7] Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.[8]

---

4. Fed.R.Civ.P. 26(b)(1).

5. *Sheldon v. Vermonty,* 204 F.R.D. 679, 689–90 (D.Kan.2001) (citations omitted).

6. *Id.*

7. *Gen. Elec. Capital Corp. v. Lear Corp.,* 215 F.R.D. 637, 640 (D.Kan.2003) (citing *Scott v. Leavenworth Unified Sch. Dist. No. 453,* 190 F.R.D. 583, 585 (D.Kan.1999)).

8. *Steil v. Humana Kansas City, Inc.,* 197 F.R.D. 442, 445 (D.Kan.2000).

■ The Court initially finds that the discovery sought by Plaintiffs, information on other regions or districts using or currently not using a Salaried Plus Overtime–Eligible Plan similar to that utilized in Defendant's Shawnee, Kansas store, appears relevant to defining the proposed class of plaintiffs. Thus, as the discovery sought appears relevant, Defendant has the burden to establish the lack of relevance. Defendant asserts that the information sought has no relevance to this case because Plaintiffs have failed to move for provisional certification of a collective action, allege systematic infirmities with the Salaried Plus Overtime–Eligible Plan compensation scheme, or allege systematic problems with administration of the voluntary compensation agreements. Defendant further points out that the June 1, 2003 Scheduling Order deadline for filing any motion for provisional certification of a collective class has passed and Plaintiffs have not moved to provisionally certify a collective class or moved to extend the time to do so.[9]

While moving for provisional certification of a collective class is a required step in litigating section 216(b) actions, provisional certification is not necessarily a prerequisite for conducting limited discovery necessary for defining the proposed class. In *Spellman v. Visionquest Nat'l, Ltd.,*[10] a similar case wherein plaintiff failed to request conditional certification of the collective action, the court allowed the plaintiff minimal discovery without moving for conditional certification based upon the court's understanding that such discovery was necessary for the plaintiff to properly define the proposed class.

In this case, Plaintiffs filed the instant motion to compel, which seeks information directed toward identifying similarly-situated employees of Defendant, on May 30, 2003, one business day prior to the Scheduling Order deadline for filing motions for provisional certification. In light of the delay caused by the filing of the motion to compel, to obtain information arguably necessary to file a motion for provisional certification, the Court determines that Plaintiffs' failure to file a motion for provisional certification by the Scheduling Order deadline, by itself, should not preclude them from obtaining information that could assist in defining the proposed class of putative plaintiffs.

Defendant also asserts that the information requested by Plaintiffs has no relevance to this case because Plaintiffs have failed to allege systematic infirmities with its Salaried Plus Overtime–Eligible Plan compensation scheme, or allege systematic problems with administration of the voluntary compensation agreements. The Court finds that Plaintiffs have alleged sufficient facts in their Complaint to justify discovery concerning other regions or districts using, or currently not using, a Salaried Plus Overtime–Eligible Plan similar to that utilized in Defendant's Shawnee, Kansas store.

Also in support of its relevance objections, Defendant cites to two cases from this district in which the court limited discovery to information about employees in the same department or facility, absent a showing of a more particularized need for broader information.[11] While this is the standard for the scope of discovery in individual employment discrimination cases,[12] this standard is not applicable to section 216(b) collective actions, which require a broader scope of discovery in order to identify those employees who may be similarly situated, and who may therefore ultimately seek to opt into the action.

Defendant's relevancy objections to Interrogatory Nos. 2 and 3 are therefore overruled.

### 2. Overly broad objections

■ Defendant also objects to Interrogatory Nos. 2 and 3 on the basis that they are overly broad. Unless the request is overly

---

9. The Court notes that on August 13, 2003, Plaintiffs filed a motion to extend discovery and other scheduling order deadlines (doc. 44) in which they request an extension of the deadline to file class certification motions.

10. No. 96–235E, 1998 WL 1997458, at *2 (W.D.Pa. Feb. 13, 1998).

11. *Haselhorst v. Wal–Mart Stores, Inc.,* 163 F.R.D. 10, 11 (D.Kan.1995); *Gheesling v. Chater,* 162 F.R.D. 649, 650 (D.Kan.1995).

12. *Haselhorst,* 163 F.R.D. at 11.

broad on its face, Defendant, as the party resisting discovery, has the burden to support its objection.[13] The familiar litany of general objections, including overly broad, burdensome, oppressive will not alone constitute a successful objection to an interrogatory nor will a general objection fulfill the objecting party's burden to explain its objections.[14] The objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.[15]

■ Defendant contends in its response to the motion to compel that Plaintiffs' Interrogatory Nos. 2 and 3 request information over an unidentified time period. The Court agrees that Plaintiffs' failure to limit the temporal scope of the interrogatories makes them overly broad on their face. But rather than allowing Defendant to not answer the interrogatories, the Court will instead limit the temporal scope of Interrogatory Nos. 2 and 3 to three years prior to the date Plaintiffs instituted this action.[16]

Plaintiffs' Motion to Compel Defendant to fully answer Plaintiffs' First Set of Interrogatories Nos. 2 and 3 is therefore granted in part and denied in part. Within twenty (20) days of the date of this Order, Defendant shall serve its supplemental answers to Plaintiffs' First Set of Interrogatories Nos. 2 and 3. Defendant's answers to these interrogatories shall be limited in temporal scope to three years prior to the date Plaintiffs instituted this action.

### B. Interrogatory Nos. 4 and 5

Plaintiffs' Interrogatory No. 4 requests information concerning the identity of "all em-

ployees and former employees of Defendant who (a) worked in the Shawnee, Kansas store at any time since the store opened and (b) signed a 'Salaried Plus Overtime–Eligible Plan' similar to the one signed by Plaintiff Nancy K. Hammond." Interrogatory No. 5 requests further information for each person identified in Interrogatory No. 4, including employment start and end dates, base salary, timing and amount of any increases in base salary, deductions from base salary, and address and phone number information. Defendant objects to these interrogatories as overbroad and unduly burdensome. It further objects on the grounds that they seek information regarding current or former employees who are not parties to this litigation.

### 1. Overly broad objections

■ Defendant first objects to these interrogatories on the basis that they are overly broad. Unless the request is overly broad on its face, Defendant, again as the party resisting discovery, has the burden to support its objection.[17] In its objection to the interrogatories, Defendant argues that the interrogatories seek information regarding employees who are not parties to this litigation.

The United States Supreme Court has addressed the issue of discovery of the identities of potential similarly-situated plaintiffs in a collective action case in *Hoffmann–La Roche v. Sperling*.[18] In that case, individuals already situated as plaintiffs sought the aid of the Court in discovering the names of others similarly situated and informing them of the pending lawsuit.[19] The Court affirmed the district court's exercise of discretion in ordering the defendant employer to produce to the named plaintiffs the names and ad-

**13.** *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 686 (D.Kan.2000) (citations omitted).

**14.** *Employers Commercial Union Ins. Co. of America v. Browning–Ferris Indus. of Kansas City, Inc.*, No. CIV. A. 91–2161–JWL, 1993 WL 210012, at *2 (D.Kan. Apr.5, 1993) (citations omitted).

**15.** *Id.*

**16.** 29 U.S.C. § 255 provides a three-year statute of limitations for willful violations of the FLSA.

**17.** *McCoo*, 192 F.R.D. at 686 (citations omitted).

**18.** 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Although *Hoffmann–La Roche* involved a claim under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, the ADEA incorporates the enforcement provisions of the FLSA including the "opt-in" provisions of 29 U.S.C. § 216(b).

**19.** *Id.*

dresses of all similarly situated employees.[20] Specifically, the Court stated that the district court "was correct to permit discovery of the names and addresses of the discharged employees."[21] The Court also affirmed the district court's authorization of sending court-approved notices to those persons. The Supreme Court reasoned that effectuation of the opt-in provisions of section 216(b)

> depends on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate. Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure .... It follows that, once an ... action is filed, the court has the managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.[22]

Other lower courts addressing whether to permit discovery of the names and addresses of other similarly-situated employees in section 216(b) FLSA actions have almost universally permitted discovery of this information.[23] A few courts have required that a conditional class be certified prior to permitting discovery of putative class members.[24] Other courts have allowed limited discovery at the plaintiff's worksite but required a showing that defendant maintained or pursued a national policy in violation of the FLSA before permitting nationwide discovery.[25]

Based upon the Supreme Court's decision in *Hoffmann–La Roche*, the Court determines that, at a minimum, Plaintiffs should be entitled to discover the names and addresses of other potentially similarly-situated employees of Defendant. The Court will also permit discovery of the other information requested by Interrogatory No. 5 because this information is relevant and necessary to determining whether the other employees so identified are in fact similarly situated. Although these interrogatories seek information on employees presently not parties to this litigation, the opt-in provision of the FLSA requires some procedure for identifying and notifying the potential class members. The first step is to identify those employees who may be similarly situated and who may therefore ultimately seek to opt into the action. Thus, Plaintiffs' Interrogatory Nos. 4 and 5, seeking information on Defendant's Shawnee, Kansas store employees who signed a Salaried Plus Overtime-Eligible Plan similar to that signed by Plain-

---

**20.** *Id.*

**21.** *Id.*

**22.** *Id.* at 170–71, 110 S.Ct. 482.

**23.** *See Miklos v. Golman–Hayden Cos., Inc.,* No. Civ. A. 2:99–CV–1279, 2000 WL 1617969 (S.D.Ohio Oct.24, 2000) (plaintiff's motion to compel production of names and addresses of similarly situated employees of defendant granted); *Bailey v. Ameriquest Mortgage Co.,* No. Civ. 01–545(JRTFLN), 2002 WL 100388 (D.Minn. Jan.23, 2002) (district court affirmed magistrate judge's order compelling discovery of the names and addresses of other account executives similarly situated to plaintiffs); *Tucker v. Labor Leasing, Inc.,* 155 F.R.D. 687 (M.D.Fla.1994) (plaintiff's motion to compel seeking names of all employees of defendant who were due overtime compensation was granted but limited to employees employed in the position of rater, biller, or non-management office staff); *Kane v. Gage Merch. Servs., Inc.,* 138 F.Supp.2d 212

(D.Mass.2001) (plaintiff's motion seeking an order directing defendant to provide names and addresses of its employees designated as crew coordinators granted); *Whitworth v. Chiles Offshore Corp.,* Civ. A. No. 921504, 1992 WL 365153 (E.D.La. Nov.25, 1992) (district court affirmed magistrate judge's decision granting plaintiff's motion to compel defendant to produce the names and addresses of similarly situated employees); *Spellman,* 1998 WL 1997458 (court, before deciding the issue of whether to conditionally certify FLSA collective action, ordered defendant to produce job descriptions for various positions to help plaintiff define a proposed class).

**24.** *See Crawford v. Dothan City Bd. of Educ.,* 214 F.R.D. 694, 695 (M.D.Ala.2003) (because no collective action had been conditionally certified, discovery before step one of the two-step process was premature).

**25.** *Tracy v. Dean Witter Reynolds, Inc.,* 185 F.R.D. 303 (D.Colo.1998).

tiffs, are not overly broad. Defendant's overly broad objections to Interrogatories 4 and 5 are therefore overruled.

### 2. Unduly burdensome objections

■ Defendant also objects to these interrogatories on the grounds that responding to them would be unduly burdensome. Defendant has the burden to show not only "undue burden or expense," but also to show that the burden or expense is unreasonable in light of the benefits to be secured from the discovery.[26] Defendant makes no effort to show that any heavy expenditures of time, effort or money would be necessary to answer the interrogatories.[27] Defendant therefore has not met its burden of showing that providing information on employees at Defendant's Shawnee, Kansas store who signed a Salaried Plus Overtime–Eligible Plan would be unduly burdensome. Defendant's unduly burdensome objections to Interrogatory Nos. 4 and 5 are therefore overruled.

As the Court overrules both Defendant's overly broad and unduly burdensome objections to the interrogatories, the Court therefore will grant Plaintiffs' Motion to Compel Defendant to fully answer Plaintiffs' First Set of Interrogatories Nos. 4 and 5. Within twenty (20) days of the date of this Order, Defendant shall serve its supplemental answers to Plaintiffs' First Set of Interrogatories Nos. 4 and 5.

### C. Interrogatory No. 8

■ Plaintiffs' Interrogatory No. 8 requests information concerning the identity of any former or current employees, officers and directors of Defendant who have provided deposition or trial testimony in any case involving claims that Defendant failed to properly pay overtime compensation under the FLSA. Defendant objects to this interrogatory as overbroad, unduly burdensome, and on the grounds that it seeks information that is neither relevant to the issues raised by the parties' pleading nor reasonably calculated to lead to the discovery of admissible evidence.

### 1. Overly broad objection

On its face, this interrogatory appears to request information over an unidentified time period. But again rather than allowing Defendant to not answer the interrogatory, the Court will instead limit the temporal scope of Interrogatory No. 8 to three years prior to the date Plaintiffs instituted this action.

### 2. Unduly burdensome objection

■ Defendant also objects to this interrogatory on the grounds that responding to it would be unduly burdensome. Defendant again has not shown that any heavy expenditures of time, effort or money would be necessary to answer the interrogatories or that any burden or expense is unreasonable in light of the benefits to be secured from the discovery. Defendant therefore has not met its burden of showing that responding to the interrogatory, particularly now with the three-year temporal limit imposed above, would be unduly burdensome. Defendant's unduly burdensome objection to Interrogatory No. 8 is therefore overruled.

### 3. Relevancy objection

Next, the Court addresses Defendant's relevancy objection. On its face, this interrogatory appears to seek relevant information concerning the identities of any former or current employees, officers and directors of Defendant who have provided deposition or trial testimony in any case involving claims similar to Plaintiffs where Defendant failed to properly pay overtime compensation under the FLSA. Because the information requested by the interrogatory appears relevant on its face, Defendant has the burden to establish the lack of relevance. Defendant asserts the same relevancy arguments as set forth in the above discussion of Interrogatory Nos. 2 and 3.[28] For the same reasons discussed previously, the Court will overrule this objection.

Plaintiffs' Motion to Compel Defendant to fully answer Plaintiffs' First Set of Interrog-

---

**26.** *Snowden By and Through Victor v. Connaught Labs., Inc.,* 137 F.R.D. 325, 333 (D.Kan.1991).

**27.** *McCoo,* 192 F.R.D. at 686.

**28.** *See* section III.A.1 above.

atories No. 8 is therefore granted in part and denied in part. Within twenty (20) days of the date of this Order, Defendant shall serve its supplemental answer to Plaintiffs' First Set of Interrogatories No. 8. Defendant's answer to this interrogatory shall be limited in temporal scope to three years prior to the date Plaintiffs instituted this action.

### D. Interrogatory No. 12

■ Plaintiffs' Interrogatory No. 12 requests that Defendant identify "all other judicial and administrative proceedings or inquiries, including investigations conducted by any state or federal wage and hour department, in which Defendant (or any of its officers, directors, agents, or employees) has been accused of violating any wage and hour laws or regulations." Defendant objects to this interrogatory as overbroad, unduly burdensome, and on the grounds that it seeks information that is neither relevant to the issues raised by the parties' pleading nor reasonably calculated to lead to the discovery of admissible evidence.

#### 1. Overly broad objection

Defendant contends that Interrogatory No. 12 is overly broad. Here, the Court finds that, on its face, the interrogatory appears to request information over an unidentified time period. But again rather than allowing Defendant to not answer the interrogatory, the Court will instead limit the temporal scope of Interrogatory No. 12 to three years prior to the date Plaintiffs instituted this action.

■ The Court also determines that this Interrogatory, which seeks information regarding other judicial or administrative proceedings involving violations of "any wage and hour laws or regulations," appears overly broad in terms of subject matter. As this Interrogatory is not appropriately limited in terms of subject matter, the Court will therefore sustain Defendant's overly broad objection to this interrogatory. However, rather than allowing Defendant to not answer the interrogatory, the Court will limit the subject matter of Interrogatory No. 12 to other judi-

cial or administrative proceedings or inquires, including investigations conducted by any state or federal wage and hour department, in which Defendant (or any of its officers, directors, agents, or employees) has been accused of violating *the overtime compensation provisions of the FLSA as claimed by Plaintiffs in this case.*

#### 2. Unduly burdensome objection

Defendant also objects to this Interrogatory on the grounds that responding to it would be unduly burdensome. Defendant again has not shown that any heavy expenditures of time, effort or money would be necessary to answer the interrogatories or that any burden or expense is unreasonable in light of the benefits to be secured from the discovery. Defendant therefore has not met its burden of showing that providing the requested information, particularly now with the temporal limitation and subject-matter limitations imposed above, would be unduly burdensome. Defendant's unduly burdensome objection to Interrogatory No. 12 is therefore overruled.

#### 3. Relevancy objection

Next, the Court addresses Defendant's relevancy objection. As limited above, this interrogatory appears to seek relevant information concerning other judicial or administrative proceedings involving overtime compensation violations of the FLSA similar to the claims asserted by Plaintiffs. Because the information requested by the interrogatory appears relevant on its face, Defendant has the burden to establish the lack of relevance. Defendant asserts the same relevancy arguments as set forth in the above discussion of Interrogatories Nos. 2 and 3.[29] For the same reasons discussed previously, the Court will overrule this objection.

Plaintiffs' Motion to Compel Defendant to fully answer Plaintiffs' First Set of Interrogatories No. 12 is therefore granted in part and denied in part. Within twenty (20) days of the date of this Order, Defendant shall serve its supplemental answer to Plaintiffs' First Set of Interrogatories No. 12. Defen-

---

29. *See* section III.A.1 above.

dant's answer to this interrogatory shall be limited in temporal scope to three years prior to the date Plaintiffs instituted this action and shall be limited to other judicial or administrative proceedings or inquires, including investigations conducted by any state or federal wage and hour department, in which Defendant (or any of its officers, directors, agents, or employees) has been accused of violating *the overtime compensation provisions of the FLSA as claimed by Plaintiffs in this case.*

### E. Interrogatory No. 13

In Interrogatory No. 13, Plaintiffs asks Defendant to "identify all employees employed by Defendant within the sales district or sales region in which the Shawnee, Kansas store is located who (a) have been employed by Defendant at any time since January of 2000 and (b) have been or are currently being paid pursuant to the 'Salaried Plus Overtime–Eligible Plan.'" Defendant objects to this interrogatory as overbroad and unduly burdensome. It further objects on the basis that it seeks information regarding current or former employees who are not parties to this litigation. After asserting its objections, Defendant answered that "employees hired into the job classifications of Specialist, Department Manager, Personnel Training Coordinator, and Installed Sales Coordinator in Lowe's Home Center Stores located in District 1254 have been compensated pursuant to a Salaried Plus Overtime–Eligible Plan."

#### 1. Overly broad objection

The Court overrules Defendant's objection that Interrogatory No. 13 is overly broad. Here, the Court finds that the request seeking the identity of in-district/region employees who have been employed since January 2000 and who have been or are currently being paid pursuant to Defendant's Salaried Plus Overtime–Eligible Plan is not overly broad on its face. Thus, Defendant has the burden to support the objection. As Defendant has failed to provide any explanation how this interrogatory is overly broad, the Court will therefore overrule the objection.

#### 2. Unduly burdensome objection

Defendant again asserts its general unduly burdensome objection to this interrogatory without any showing that heavy expenditures of time, effort or money is necessary to answer the interrogatory. Defendant, therefore, has not met its burden of showing that providing information on in-district/region employees employed prior to January 2000 who have been or are currently being paid pursuant to Defendant's Salaried Plus Overtime–Eligible Plan would be unduly burdensome. Defendant's unduly burdensome objection to Interrogatory No. 13 is therefore overruled.

Plaintiffs' Motion to Compel Defendant to fully answer Plaintiffs' First Set of Interrogatories No. 13 is therefore granted. Within twenty (20) days of the date of this Order, Defendant shall serve its supplemental answer to Plaintiffs' First Set of Interrogatories No. 13.

### IV. Fees and Expenses Incurred in Relation to this Motion to Compel

Pursuant to Federal Rule of Civil Procedure 37(a)(4)(C), when a court grants in part and denies in part a motion to compel, the court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." [30] Here, the Court finds it appropriate and just for the parties to bear their own expenses and fees incurred in connection with the instant motion to compel.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Discovery Responses (doc. 25) is granted in part and denied in part. Within *twenty (20) days* of the date of filing of this Order, Defendant shall serve its responses to Plaintiffs' First Set of Interrogatories Nos. 2–5, 8, 12, and 13. Defendant's responses to Interrogatory Nos. 2–3, 8 and 12 shall be limited in temporal scope to three years prior to the date Plaintiffs instituted this action. Defendant's responses to Interrogatory No. 12 shall also be limited to other judicial or administrative

---

**30.** Fed.R.Civ.P. 37(a)(4)(C).

proceedings or inquires, including investigations conducted by any state or federal wage and hour department, in which Defendant (or any of its officers, directors, agents, or employees) has been accused of violating *the overtime compensation provisions of the FLSA as claimed by Plaintiffs in this case.*

**IT IS FURTHER ORDERED** that the parties shall bear their own fees and expenses incurred in connection with this motion to compel.

**IT IS FURTHER ORDERED** that the pretrial conference set for *September 2, 2003 at 10:00 a.m.* is hereby converted into a telephone status conference regarding Plaintiffs' Motion to Extend Discovery and Other Scheduling Order Deadlines (doc. 44). The office of the undersigned Magistrate Judge will initiate the telephone call.

**IT IS SO ORDERED.**