ORDER RE REQUEST FOR EQUITABLE TOLLING
VINCE CHHABRIA, United States District Judge *1166 As part of their motion for conditional certification, the named plaintiffs in this wage-and-hour suit argued that the Fair Labor Standards Act's statute of limitations should be equitably tolled because the defendant, O.C. Communications, improperly refused to give the named plaintiffs and their attorneys the names and contact information of potential collective members. Although O.C. Communications was almost certainly obligated to produce this information at the time the plaintiffs requested it, it would nonetheless be inappropriate, on the particular facts of this case, to equitably toll the statute of limitations.
A number of district courts in the Ninth Circuit, including many judges in the Northern District, have held that a defendant doesn't need to produce contact information for potential collective members until the court has decided that it is appropriate to send out a court-approved notice to potential collective members - a process unfortunately described as conditional certification of the collective.[1] See Adams v. Inter-Con Sec. Systems, Inc. , 242 F.R.D. 530, 543 (N.D. Cal. 2007) ; see also Margulies v. Tri-County Metro. Transp. Dist. of Or. , No. 13-CV-00475-PK, 2013 WL 5593040, at *17 (D. Or. Oct. 10, 2013) ("Those courts that find equitable tolling is not appropriate usually cite to the fact that a defendant is not required to provide contact information for potential plaintiffs until after the court has conditionally certified the collective action."); Adedapoidle-Tyehimba v. Crunch, LLC , No. 13-CV-00225-WHO, 2013 WL 4082137, at *8 (N.D. Cal. Aug. 9, 2013) ; Prentice v. Fund for Pub. Interest Research, Inc. , No. 06-CV-7776-SC, 2007 WL 2729187, at *3 (N.D. Cal. Sept. 18, 2007).
The Adams court, which appears to be the first court in the Ninth Circuit to hold that a defendant's obligation to produce this information is triggered by the court's conditional certification of the collective, apparently believed that it was merely restating a Supreme Court holding from Hoffmann-La Roche Inc. v. Sperling . See Adams , 242 F.R.D. at 543 (citing Hoffmann-La Roche Inc. v. Sperling , 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) ). And the other district courts rely on Adams - either directly or via a chain of district court opinions.
Hoffmann-La Roche held that the district court in that case properly allowed the plaintiffs to discover the names and addresses of potential collective members. 493 U.S. at 170, 110 S.Ct. 482. But the Supreme Court didn't say (or imply) that *1167 this discovery was only appropriate after a court decided to allow distribution of a court-approved notice. Id. In fact, Hoffman-La Roche does not even require district courts to participate in the process of notifying potential collective members of the pending lawsuit. It states that "district courts have discretion, in appropriate circumstances, to implement 29 U.S.C. § 216(b)... by facilitating notice to potential plaintiffs." Id. at 169-70, 110 S.Ct. 482. And lawyers are perfectly entitled to reach out to potential collective members - via notice or otherwise - without first seeking court approval. Cf. Gulf Oil Co. v. Bernard , 452 U.S. 89, 100-04, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).
It seems that in almost all FLSA collective actions, the names and contact information of similarly situated employees is discoverable; that information is "relevant to [a] party's claim or defense" and almost always "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) ; cf. Hoffmann-La Roche , 493 U.S. at 169-70, 110 S.Ct. 482 ("Without pausing to explore alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter, we find it suffices to say that the discovery was relevant to the subject matter of the action and that there were no grounds to limit the discovery under the facts and circumstances of this case."). It's no wonder that district courts in other circuits appear to routinely compel defendants to produce this information before they have granted conditional certification.[2] See, e.g. , Hammond v. Lowe's Home Ctrs., Inc. , 216 F.R.D. 666, 673 & n.23 (D. Kan. 2003) ("Other lower courts addressing whether to permit discovery of the names and addresses of other similarly-situated employees in section 216(b) FLSA actions have almost universally permitted discovery of this information."); see also Guan Ming Lin v. Benihana Nat'l Corp. , 755 F.Supp.2d 504, 513 (S.D.N.Y. 2010) (permitting discovery of contact information even when denying motion for conditional certification).
But in this particular case, equitable tolling based on the refusal by O.C. Communications to produce contact information when it was initially requested is not warranted. First, O.C. Communications could have reasonably believed that it was under no obligation to produce the potential collective members' contact information, given the numerous district court opinions that state that position as the law. Second, the fact that the plaintiffs' attorneys did not receive the potential collective members' contact information until August or September 2017 was at least partly their fault. Even though the lawsuit was filed in January 2017, the plaintiffs' attorneys waited until May 2017 to request this information from the defendants. And instead of pressing O.C. Communications to quickly produce the material and, once it became clear that O.C. Communications would not produce this material, promptly bringing the disagreement to the Court's attention, the plaintiffs' lawyers did not raise the matter with the Court until the conditional certification motion, which was calendared for August 31, 2017. (The conditional certification motion was granted on the same day as the hearing. See Dkt. Nos. 125, 127.) Further, the hearing on the *1168 motion for conditional certification could have taken place much sooner, but the plaintiffs signed on to a joint request to continue it.
Going forward, this Court will impose a process in FLSA cases which makes clear that defendants are almost always required to provide the contact information of potential collective members by the time the initial case management conference has taken place. This process is now set forth in this Court's standing order for civil cases. Therefore, at least in cases before this Court, refusal by a future FLSA defendant to promptly produce contact information (subject, of course, to an appropriate protective order) will indeed be a basis for equitable tolling. But because this has not been clear until now, and because the named plaintiffs did not diligently pursue an order compelling production of the contact information or conditional certification, the request for equitable tolling is denied.
IT IS SO ORDERED.
When a court grants conditional certification, it is "not a true certification." Halle v. W. Penn Allegheny Health System Inc. , 842 F.3d 215, 224 (3d Cir. 2016). Instead, so-called conditional certification is "an exercise of a district court's discretionary authority to oversee and facilitate the notice process" Id. "The sole consequence of conditional certification is the sending of court-approved written notice to employees" and former employees. Genesis Healthcare Corp. v. Symczyk , 569 U.S. 66, 75, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013).
In fact, a defendant is arguably required to provide contact information of potential collective members in some cases as part of its initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring defendants to turn over "the name and, if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment").