Jan ALI and John Ham, Plaintiffs,

v.

**DOUGLAS CABLE COMMUNICATIONS, LIMITED PARTNERSHIP, et al.,**
Defendants.

No. 94–1146–SAC.

United States District Court,
D. Kansas.

June 27, 1995.

Ruth M. Benien, Benien & Kaplan, Chtd., Kansas City, KS, for plaintiffs.

Randall J. Forbes, Lynn S. McCreary, Frieden, Haynes & Forbes, Topeka, KS, for defendants.

Anne L. Baker, Thomas E. Wright, Wright, Henson, Somers, Sebelius, Clark & Baker, Topeka, KS, for movant.

### MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

This matter is before the court on the Motion of the Menninger Foundation for Protective Order and for Order to Quash Subpoena Duces Tecum (doc. 61). Defendants have filed a response. Movant has filed a reply.

This is a Title VII action brought by plaintiffs asserting a federal claim pursuant to the Omnibus Crime Control and Safe Streets Act of 1968, as amended, and pendant state law claims for outrage, negligent infliction of emotional distress, invasion of privacy, retaliatory termination and defamation.

On December 22, 1994, movant was served with a subpoena and notice of deposition duces tecum by defense counsel directing that a designated representative of movant bring "any and all records, charts or documents regarding John E. Ham" to the deposition on February 8, 1995. Plaintiff John Ham has filed a response herein alleging that the sole records in the possession of the Menninger Foundation relate to employment

screening performed by the Foundation in connection with his application for employment with the police department in 1983–1984. Plaintiff Ham has objected to production of the records. Movant contends that since plaintiff Ham has not consented to the disclosure of records held by the Menninger Foundation, Kansas law prohibits the Foundation from responding unless ordered to do so by the court. Movant has filed the motion pursuant to Fed.R.Civ.P. 26(c) and Fed.R.Civ.P. 45(c)(3)(A)(iii), seeking protection from the court from producing such records.

Fed.R.Civ.P. 26(b)(1) provides:

> Parties may obtain discovery regarding any matter, *not privileged*, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. (Emphasis added.)

■ The burden of establishing the existence of a privilege is on the party claiming the privilege. *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir.1984). The party seeking to assert a privilege or protection must make a clear showing that it applies. *Phelps, et al. v. Joan Hamilton*, unpublished No. 93–4148–LRW (D.Kan. November 30, 1994) (Newman, M.J.). It is movant's position that the records in issue are subject to a privilege established by K.S.A. 65–5602(a)[1] and K.S.A.1993 Supp. 59–2931(a).[2]

■ In federal question cases with pendant state law claims, such as this case, the federal court must look to the federal common law regarding the existence of privileges. Fed.R.Evid. 501;[3] *Gallardo v. Board of County Commissioners Kearny County, Kansas, et al.*, 881 F.Supp. 525 (D.Kan.1995); *Young v. Adams Business Forms, Inc.*, 1988 WL 492080, 1988 U.S.Dist. LEXIS 972 (D.Kan.1988). In this district, the courts have specifically held that state statutes creating privileges as to certain records or documents are not controlling in federal question cases. *Id.* K.S.A. 65–5602(a) and K.S.A. 1993 Supp. 59–2931(a) are not controlling in this case.

■ Under federal common law, there is no privilege afforded to the records in issue in this case. Movant has not cited any federal cases in this circuit or district which have recognized a privilege regarding the records in issue. While Fed.R.Evid. 501 provides the court with the flexibility to develop rules of privilege on a case-by-case basis, the Supreme Court in *University of Pennsylvania v. EEOC*, 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990), expressed its reluctance in exercising this authority expansively. The Court provided the following rationale:

> We do not create and apply an evidentiary privilege unless it 'promotes sufficiently important interests to outweigh the need for probative evidence....' *Trammel v. United States*, 445 U.S. 40, 51 [100 S.Ct. 906, 913, 63 L.Ed.2d 186] (1980). Inasmuch as '[t]estimonal exclusionary rules and privileges contravene the fundamental principle that "the public ... has a right to every man's evidence," ' *id.*, at 50 [100 S.Ct. at 912], quoting *United States v. Bryan*, 339 U.S. 323, 331 [70 S.Ct. 724, 730,

---

1. A patient of a treatment facility has a privilege to prevent treatment personnel or ancillary personnel from disclosing that the patient has been or is currently receiving treatment or from disclosing any confidential communications made for the purposes of diagnosis or treatment of the patient's mental, alcoholic, drug dependency or emotional condition.

2. The ... treatment records or medical records of any patient or former patient that are in the possession of any ... treatment facility shall be privileged and shall not be disclosed except as otherwise provided in this act or under any of the following conditions, ...

3. Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

94 L.Ed. 884] (1950), any such privilege must 'be strictly construed.'

493 U.S. at 189, 110 S.Ct. at 582.

The Court in *University of Pennsylvania* held that federal common-law privileges should not be created absent a constitutional, statutory or historical basis. None of the foregoing are present here. Therefore, the court finds that the documents in issue are not subject to a recognized privilege.

■ Notwithstanding the court's ruling above, the records in issue are not subject to the provisions of K.S.A. 65–5602(a) and K.S.A.1993 Supp. 59–2931(a). Under the facts before the court, plaintiff Ham has not been a patient of Menninger Clinic. He did not receive treatment there. He participated in employment screening at the behest of a potential employer.

The court does not need to address the issue of psychotherapist-patient privilege as no such privilege has been claimed by plaintiff Ham, the only person entitled to assert any such claim. While plaintiff Ham has objected to the production of the documents on other grounds, he has not raised this privilege.

In summary, the Motion of the Menninger Foundation for Protective Order and for Order to Quash Subpoena Duces Tecum (Doc. 61) is denied. Movant is ordered to comply with defendants' notice and subpoena within 15 days of the date of the filing of this order.

Copies of this order shall be mailed to all counsel of record and unrepresented parties.

IT IS SO ORDERED.