Robert M. ETIENNE, Plaintiff,

v.

WOLVERINE TUBE, INC., Defendant.

No. Civ.A. 98–2010–JWL.

United States District Court, D. Kansas.

May 18, 1999.

Gregory M. Dennis, Richard W. Noble, The Noble Group, P.C., Brendan J. Donelon, Sanders, Simpson, Fletcher & Smith, L.C., Kansas City, MO, for Robert M Etienne, plaintiff.

Henry R. Cox, Swanson, Midgley, Gangwere, Kitchin & McLarney, LLC, Kansas City, MO, M. Todd King, Douglas M. Towns, Elaine Rogers Walsh, Jones, Day, Reavis & Pogue, Atlanta, GA, for Wolverine Tube, Inc., defendant.

## MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

Before the court is Plaintiff's Motion to Compel Discovery (doc. 51). Pursuant to Fed.R.Civ.P. 37, plaintiff seeks an order to compel defendant to supplement answers to Interrogatories 6, 8, 9, 12, and 13 of his First Interrogatories to the Defendant and produce documents responsive to Requests 6, 7, 8, 14, and 15 of his First Request for Production of Documents & Things to Defendant. He also seeks reasonable costs, including attorneys' fees, incurred in preparing the motion. Defendant opposes the motion.

Plaintiff claims that defendant breached an employment contract by terminating it without cause. (Second Am. Compl., ¶ 40, doc. 48.) He alleges as follows: The parties entered into the contract on August 31, 1997, and plaintiff then became the Vice President of Human Resources for defendant. (*Id.* ¶¶ 7–36.) The contract imposes upon him no conditions precedent to effectuate its terms and obligations. (*Id.* ¶ 39.) A psychological examination was not a condition of employment, but was a means to acclimate him to his new position and for coaching purposes. (*Id.* ¶¶ 12, 20, 33, 39.) Alternatively, he alleges that he has "met any and all prior and/or subsequent conditions of the Employ-

ment Agreement if any such conditions are found to exist." (*Id.* ¶ 39.)

Defendant asserts to the contrary that, "Plaintiff's conditional offer of employment was revoked because Plaintiff failed to satisfy a condition precedent that expressly was made a part of that offer." (Def.'s Answer to Pl.'s Second Am. Compl. [hereinafter Answer], doc. 49, at 9.) The parties agree that, whether or not it is characterized as a condition precedent to employment, the alleged contract contains the following sentence: "A medical and psychological examination is required prior to employment." (Letter from Quarles to Etienne of 8/27/97, attached as Ex. A to Second Am. Compl.)

Plaintiff alleges that defendant utilized Anderson & Associates as its agent "to search, screen and evaluate candidates for executive positions." (Second Am.Compl., ¶ 10.) Defendant "avers that it has used Anderson & Associates to assist [it] with filling vacant job positions, including the one that Plaintiff contacted [it] about filling." (Answer, ¶ 10.) Plaintiff also alleges that "Anderson & Associates contracted with Dr. Hanson to provide psychological evaluations." (Second Am.Compl., ¶ 24.)

The court has commented on the issues in this case, when it ruled upon defendant's motion to dismiss or transfer. (*See* Mem. & Order of June 2, 1998, doc. 17, at 17–22.) That opinion identifies the following issues as relevant to this case:

1. Was the psychological examination a condition precedent of employment?

2. What would plaintiff need to do to satisfy the condition?

3. If plaintiff must satisfy defendant to satisfy the condition, will the satisfaction be judged under a subjective or objective standard?

4. If the subjective standard applies, did defendant exercise its judgment in good faith?

(*Id.*) The court found that resolution of these issues may involve examination of extrinsic evidence.

(*Id.* at 19–21.)

Plaintiffs seeks to discover information about medical and psychological evaluations conducted on current employees of defendant. He seeks the identification of candidates for the position of Vice President of Human Resources or its equivalent and those who have held the position. He also seeks documents relating to those candidates. He further seeks to obtain documents reflecting offers of employment from the defendant to other corporate officers. He also wants defendant to identify all candidates of employment for which it utilized the services of Anderson & Associates. In addition he seeks information about other employees or candidates for employment who have brought legal action or demand against defendant for breach of an employment contract. In his reply brief plaintiff limits all discovery here at issue to the time-period 1992 to present. Recognizing that the requests for production may require the production of documents protected by the attorney-client privilege or the work-product doctrine, he asks the court to compel defendant to produce a privilege log in accordance with Fed.R.Civ.P. 26(b)(5). He does not seek production of privileged documents.

Defendant suggests that this case involves only one thing in dispute—what is meant by the provision that "[a] medical and psychological examination is required prior to employment." Although it concedes the relevancy of extrinsic evidence of the intent of the parties and whether it exercised good faith in assessing the results of the psychological examination, it contends that the discovery sought by plaintiff sheds no light on those issues. It objects that the discovery sought is overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. With respect to the issue of privilege, it agrees to produce a privilege log.

■ The court first addresses the issue of compelling production of a privilege log. Fed.R.Civ.P. 26(b)(5) requires parties to provide log or its equivalent when they withhold information on grounds of privilege or work-production protection. It provides:

When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

If defendant has not already done so, it shall provide a privilege log in accordance with this rule.

■ The court next addresses the general objection that the discovery is overly broad. Defendant does not support the objection. Accordingly, the court overrules it. The discovery is not facially overly broad. Defendant as the objecting party has the burden to support its objection. It has provided no support. The court notes, furthermore, that plaintiff has limited the temporal scope of the discovery to the period 1992 through the present. The court finds that limitation reasonable and sufficient to alleviate any concerns about the temporal scope of the discovery.

■ The court next addresses the objection based upon irrelevancy. "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). A party does not have to prove a *prima facie* case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence. When the discovery sought appears relevant,

[t]he party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R.Civ.P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Aramburu v. Boeing Co.*, No. 93–4064–SAC, 1994 WL 810246, at *1 (D.Kan. Sept. 22, 1994). When the relevancy of propounded discovery is not apparent its proponent has the burden, however, to show the discovery relevant. *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 309 (D.Kan. 1996).

The discovery sought in this case appears relevant to the issues identified by the court in denying the motion to dismiss. Defendant spends much time trying to convince the court that its course of dealing with other employees and candidates for employment has no relevance to the issues in this case. Courts broadly construe relevancy, however, at this stage of litigation. "A request for discovery ... should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden v. Connaught Laboratories, Inc.*, 137 F.R.D. 336, 341 (D.Kan.1991). The court cannot say that the discovery sought by plaintiff can have no possible bearing on the subject matter of this litigation.

The court has already ruled that the contract is ambiguous and that it may allow extrinsic evidence about the intent of the parties, as to whether a psychological examination was a condition precedent to employment and, if so, how plaintiff was to satisfy the condition.

> "[W]here ambiguity or uncertainty of contract is involved in an agreement, the intention of the parties is not ascertained by resort to literal interpretation, but by considering all language employed, the circumstances existing when the agreement was made, the object sought to be attained, and other circumstances, if any, which tend to clarify the real intention of the parties."

*Universal Motor Fuels, Inc. v. Johnston*, 260 Kan. 58, 63, 917 P.2d 877, 881 (1996) (quoting *Richardson v. Northwest Central Pipeline Co.*, 241 Kan. 752, 758, 740 P.2d 1083 (1987)). Kansas courts have recently reiterated the holding of *Universal Motor Fuels, Inc. See Amoco Prod. Co. v. Charles B. Wilson, Jr., Inc.*, 266 Kan. 1084, 976 P.2d 941 (1999); *Jayne v. Kennedy & Coe, L.L.C.*, 26 Kan. App.2d 121, ——, 978 P.2d 951, 954 (1999).

Applying *Universal Motor Fuels, Inc.*, Judge Crow of this court has reiterated that, in construing an ambiguous contract, the court must consider all "circumstances tending to clarify the parties' real intention." *United Tunneling Enters., Inc. v. Havens Const. Co.*, 35 F.Supp.2d 789, 795 (D.Kan.1998).

The discovery sought by plaintiff may reveal other circumstances which might clarify the intent of the parties. Without adequate discovery, neither plaintiff nor the court can ascertain whether "other circumstances ... tend to clarify the real intention of the parties." As discussed more thoroughly below, the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Turning to the specific requests and interrogatories the court makes the following rulings:

## I. Interrogatory 6 and Request 6

By Interrogatory 6 and Request 6 plaintiff seeks information about evaluations performed or services provided by Dr. Hanson to any candidate for employment or current employee of defendant. Defendant has refused to provide such information for current employees. It contends that plaintiff received a pre-employment evaluation. It thus argues that other evaluations and services are irrelevant. Defendant ignores the contention of plaintiff. He contends he was an employee of defendant when he underwent the psychological evaluation by Dr. Hanson. He argues that evaluations of current employees are thus relevant. Defendant may disagree with his contention, but such disagreement constitutes no ground to deny discovery. The identities of employees responsive to Interrogatory 6 appears reasonably calculated to lead to the discovery of admissible evidence to support his contention. Documents responsive to Request 6 may also support the contention.

Documents responsive to Request 6 may also provide information relevant to other issues. It may attack the credibility of Dr. Hanson were defendant to call him at trial. Plaintiff suggests that, upon deposition, Dr. Hanson asserted factual contentions at odds with his contentions. Plaintiff also suggests that in deposition Dr. Hanson reveals that

the only reason defendant may have terminated the employment contract was because I.Q. tests of plaintiff, as interpreted by the doctor, revealed an average intelligence. Plaintiff suggests that the requested evaluations might show others with average cognitive abilities. Such a showing may be relevant to whether defendant acted in good faith in subjectively determining that plaintiff had not passed the psychological examination. Defendant shall supplement its answer to Interrogatory 6 with the identities of current employees. It shall produce all non-privileged documents responsive to Request 6.

## II. Request 8

Request 8 seeks all documents which reflect evaluation or testing of defendant's employees or candidates for employment. Defendant has produced documents responsive to Request 8 only for "serious candidates" for employment. It defines such candidates as those job applicants who have progressed far enough along in the search process to be given conditional offers of employment and to be required to undergo psychological examinations. Defendant has produced no documents for other candidates for employment or for current employees. Plaintiff seeks to compel production of responsive documents for those classes of individuals. Defendant suggests the only relevant documents responsive to Request 8 are those reflecting pre-employment evaluations performed on candidates for high-level positions after a new policy requiring such evaluations went into effect in 1997. It further suggests the court limit the request to psychological evaluations only. In his reply brief plaintiff agrees to so limit Request 8. He suggests the court not limit the request to pre-employment evaluations.

Psychological evaluations of current employees appear relevant. They may reveal the employment of other individuals with average cognitive abilities. They may reveal what role the evaluations play with respect to newly hired employees. The court will not limit the request to pre-employment evaluations or to "serious candidates" for employment. Defendant shall produce all non-privi-

leged psychological evaluations responsive to Request 8.

## III. Interrogatory 8 and Request 7

Interrogatory 8 asks defendant to identify each candidate for employment with defendant for the position of Vice President of Human Resources or its equivalent. Request 7 seeks all documents which reflect any communication with any candidate for that position or its equivalent. Defendant contends that plaintiff is not entitled to the identity of every candidate or documents reflecting communications with every candidate. It suggests that the information is not probative of its communications with plaintiff. It wants to limit the discovery to "serious candidates", as previously defined.

The court declines to so limit the discovery. It finds the discovery as framed by plaintiff reasonably calculated to lead to the discovery of admissible evidence. It could lead to insightful and admissible information about what defendant intended by the ambiguous statement that "[a] medical and psychological examination is required prior to employment." Defendant shall supplement its answer to Interrogatory 8 and produce all non-privileged documents responsive to Request 7.

## IV. Interrogatory 12

Interrogatory 12 asks defendant to identify all individuals who have held its position of Vice President. Plaintiff intends that this interrogatory lead to information about the psychological requirements required of the executives of defendant. Defendant objects that the information is irrelevant. The court disagrees. Interrogatory 12 appears reasonably calculated to lead to the discovery of admissible evidence. Defendant has stated that plaintiff was the first Vice President applicant who had an evaluation requirement. Responsive information will permit plaintiff to verify that statement. In addition, plaintiff might discover information supporting his contention that he was employed by defendant before he submitted to the evaluation. If other Vice Presidents underwent evaluations after the commencement of their employment, plaintiff may have support for his

contention. Responsive information might also lead to information about the cognitive abilities of the Vice Presidents. Such information appears relevant to whether defendant acted in good faith in determining that plaintiff did not pass the alleged condition of employment. Defendant shall fully answer Interrogatory 12.

## V. Request 15

Request 15 seeks documents which reflect any offer of employment or contract for employment between defendant and any of its officers. Defendant objects that the request is overly broad and seeks irrelevant evidence to the extent it seeks documents from the time-period before it began requiring candidates to complete pre-employment psychological evaluations in 1997. Plaintiff suggests that he has the right to verify that defendant began requiring psychological evaluations in 1997. He further suggests that responsive documents could mention evaluations in a way which indicates that defendant did not interpret them as conditions of employment. He argues that, if they in fact mention evaluations in that way, then such fact would constitute "other circumstances" that the court could rely in determining the intent of defendant with respect to the issues in this case. The court agrees. It overrules the objections. Defendant shall produce all non-privileged documents responsive to Request 15.

## VI. Interrogatory 9

Interrogatory 9 asks defendant to identify all candidates for employment or current employees, for whom it utilized services of Anderson & Associates. Defendant objects that only its course of dealing with plaintiff is relevant to determining its intent with respect to the terms of his employment offer. Plaintiff suggests that an answer to the interrogatory will provide another avenue to discover the intent of defendant and whether it acted in good faith. The court finds the interrogatory relevant for those purposes. Anticipating such finding, defendant asks the court to limit the interrogatory to "serious candidates", as previously defined. The court declines to so limit the interrogatory. Defendant shall fully answer Interrogatory 9.

## VII. Interrogatory 13 and Request 14

Interrogatory 13 asks defendant to identify all individuals employed by defendant or who were candidates for employment with defendant who have brought legal action or demand against defendant for breach of an employment contract. Request 14 seeks all documents which reflect any such legal actions or demands. Defendant objects that the discovery seeks irrelevant information. It indicates, furthermore, that it has informed plaintiff that it is unaware of any legal action or demand brought against it alleging that it breached an employment contract by rejecting a candidate for a high-level position based upon an unsatisfactory pre-employment evaluation. It suggests that such disclosure reasonably responds to the discovery and no further response is warranted.

The court overrules the objection of irrelevancy. The discovery appears reasonably calculated to lead to the discovery of admissible evidence. It may lead to other alleged breaches which shed light on the intent of defendant as to plaintiff. The information provided by defendant does not reasonably respond to the discovery. Defendant unilaterally limits the discovery. It shall fully answer Interrogatory 13 and produce all non-privileged documents responsive to Request 14.

## VIII. Costs and Expenses

■ Pursuant to Fed.R.Civ.P. 37(a)(4), plaintiff seeks his reasonable costs incurred in preparing the motion to compel. In this instance the court has sustained the motion in part. It has, however, limited Request 8 to psychological examinations, as suggested by defendant and agreed to by plaintiff. It has also limited the temporal scope of the discovery to the period 1992 to the present, as suggested by plaintiff in his reply brief, although some of the interrogatories and requests for production do not themselves contain that limitation. The court finds that each party should be responsible for its own costs incurred on the motion.

### IX. Conclusion

For the foregoing reasons, the court sustains in part and overrules in part Plaintiff's Motion to Compel Discovery (doc. 51). Within twenty days of the date of this order, defendant shall supplement its answers to Interrogatories 6, 8, 9, 12, and 13 of Plaintiff's First Interrogatories to the Defendant for the period 1992 to the present, as directed herein. It shall also produce, within twenty days of the date of this order, further documents responsive to Requests 6, 7, 8, 14, and 15 of Plaintiff's First Request for Production of Documents & Things to Defendant for the time period 1992 to the present, as directed herein. Such production shall take place at the offices of counsel for plaintiff located at 1100 Main St., Ste. 2980, Kansas City, Missouri or at any other location agreed upon by the parties. The court otherwise overrules the motion.

IT IS SO ORDERED.