**Bill J. CORY, Plaintiff,**

v.

**AZTEC STEEL BUILDING, INC., et al., Defendants.**

**No. 03–4193–RDR.**

United States District Court, D. Kansas.

Jan. 13, 2005.

---

35. *Id.*

William M. Malcolm, William M. Malcolm Law Office, Clay Center, KS, for Plaintiff.

James C. Morrow, Jared R. Anderson, Morrow, Willnauer, & Klosterman, L.L.C., Kansas City, MO, for Defendants.

*MEMORANDUM AND ORDER*

SEBELIUS, United States Magistrate Judge.

This matter comes before the court on plaintiff's motion to compel (Doc. 56). Plaintiff seeks an order compelling defendants to answer plaintiff's requests for production and interrogatories. Defendants have filed a response to plaintiff's motion to compel (Doc. 57) and address therein plaintiff's allegations as well as defendants' reasons for objecting to plaintiff's requests for production and interrogatories. Plaintiff has filed a reply memorandum to defendants' response to plaintiff's motion to compel (Doc. 58). This matter has been fully briefed and is now ready for decision.

Plaintiff alleges that on June 4, 2004, plaintiff served his First Request for Production of Documents on the Defendants and that, in their responses, defendants objected to all twenty four requests for production. Plaintiff also alleges that on June 4, 2004, he served upon defendants his First Interrogatories and that in their responses, defendants objected to answering Interrogatories 4 and 5. In his motion to compel, plaintiff addressed and explained each of his requests for production as well as the two interrogatories to which defendants objected. In their response to plaintiff's motion to compel, defendants have made numerous objections. For the reasons stated below, plaintiff's Motion to Compel is granted.

**Discussion**

**A. Discovery Standards**

The scope of discovery is governed by Fed.R.Civ.P. 26(b), which provides that

[p]arties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.[1]

1. Fed.R.Civ.P. 26(b)(1).

"Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[2] The decision to grant a motion to compel is a matter of discretion for the court.[3]

### B. Analysis

Defendants objected to each of plaintiff's requests for production and two of plaintiff's interrogatories. A party serving interrogatories or requests for production may move the court for an order compelling discovery if a party fails to answer an interrogatory or respond to a request for production.[4]

### 1. Certification

■ As an initial matter, the court considers whether plaintiff has satisfied the good faith certification requirement. Fed.R.Civ.P. 37(a)(2)(B) requires that a motion seeking an order to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure."[5] In addition, D. Kan. R. 37.2 states that "[e]very certification required by Fed.R.Civ.P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute."[6]

Plaintiff has included in his motion to compel a certification he "has in good faith conferred and attempted to confer with the Defendants ... in an effort to secure the discovery and disclosure requested." However, neither the certification nor the motion to compel contains any facts to describe or identify the steps taken by the parties to

resolve this discovery dispute. Plaintiff's certification makes only a conclusory statement that the plaintiff has conferred and attempted to confer with defendants. Defendants do not dispute this certification. While plaintiff could have described the process with more specificity, the court will not overrule the motion for his failure to do so and finds that the certification requirement has been met.

### 2. Requests for Production

The court will next consider plaintiff's request to compel discovery of the materials sought in plaintiff's first set of requests for production of documents. Plaintiff served on defendants his First Set of Requests for Production that contained twenty-four requests for production. Defendants objected to all twenty four requests on numerous grounds. Plaintiff seeks to compel discovery of every request except request No. 11. In their response to plaintiff's motion, defendants rely on numerous objections.

Fed.R.Civ.P. 34 governs requests for production of documents and provides that such requests may be made for documents containing "matters within the scope of 26(b) and which are in the possession or control of the party upon whom the request is served."[7] A party opposing discovery "bears the burden to support its objection with facts, and if necessary, affidavits and not merely with conclusions."[8]

*Request for Production Nos. 1, 2, 3*

■ In their response to plaintiff's motion to compel, defendants object to plaintiff's request Nos. 1, 2, and 3 on the grounds that any contracts entered into with customers constitutes proprietary information and are protected as such.[9] Confidentiality of docu-

2. *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 WL 769325, at *2, 2004 U.S. Dist. LEXIS 6220, at *6 (D.Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D.Kan.2003)).

3. *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir.1986).

4. *See* Fed.R.Civ.P. 37(a)(2)(B).

5. Fed.R.Civ.P. 37(a)(2)(B).

6. D. Kan. R. 37.2. "A 'reasonable effort to confer' means more than mailing or faxing a letter to

the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." *Id.*

7. Fed.R.Civ.P. 34(a).

8. *Lawrence v. First Kan. Bank & Trust Co.*, 169 F.R.D. 657, 659 (D.Kan.1996).

9. Defendant's Response to Plaintiff's Motion to Compel, at 1. The parties have asserted the same arguments and objections to plaintiff's requests for production 1, 2, and 3. *Id.* at 1–2; Plaintiff's Motion to Compel, at 2.

ments "does not equate to privilege." [10] "As such, information is not shielded from discovery on the sole basis that such information is confidential." [11] The court finds that defendants' broad proprietary objection does not, by itself, suffice to shield documents from discovery. However, the court finds that, if substantiated, defendants' objection may serve as a sufficient basis for a protective order. Under Fed.R.Civ.P. 26(c)(7), a party may seek a protective order for "confidential research, development, or commercial information." [12] At this time, defendants have not requested any protective order. The court will allow the parties 10 days from the date of filing this order to confer and then file a joint motion and submit a jointly proposed protective order. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party seeking such an order shall file an appropriate motion and supporting memorandum by the same date. If a request for a protective order is not filed, disclosure of the information sought in these requests will be required without the protection of any such order.

*Request for Production No. 4*

In request for production No. 4, plaintiff seeks "records or documents regarding the technical specifications for Quonset Model Q51–18 for a military Quonset in the possession of any Defendant." In their initial answer and in their response to plaintiff's motion to compel, defendants object that the term "technical specifications" is vague and ambiguous.

■ A "party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." [13] "A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories.'" [14] "If necessary to clarify its answers, the responding party may include any reasonable definition of the term or phrase at issue." [15]

■ Plaintiff states in his motion to compel that the term "technical specifications" refers to (1) the "tensile strength of the steel used to make the panels into buildings purchased by Plaintiff;" and (2) the "amount of carbon in said steel." The court finds that defendants have not carried their burden to show the vagueness or ambiguity of the term "technical specifications." Moreover, the court finds that plaintiff has remedied any alleged vagueness or ambiguity in the term "technical specifications." Defendants are hereby ordered to produce all documents within their possession or under their control that are responsive plaintiff's request No. 4.

*Request for Production No. 5*

■ In request for production No. 5, plaintiff seeks "records or documents reflecting the computations for stress" caused by various factors "with the corresponding shearing unit stress and bending moment at critical points on the arch cross section for each" of the five military specification Q52–18 Quonsets and a standard farm storage Q52–18 Quonset. In his motion to compel, plaintiff states that defendants did "provide the appropriate information on this request but did not specify if the information was for Military Quonsets or standard farm Quonsets." Plaintiff argues that defendants should be required to specify which Quonsets the provided information refers to.

In their response to plaintiff's motion to compel, defendants appear to object to plaintiff's request on the grounds that they have "no responsive documents beyond what have previously been produced." This is not a proper objection to a request for production of documents.

Moreover, Fed.R.Civ.P. 34(b) provides that a party producing "documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories

10. *Williams v. Board of County Comm'rs,* 2000 WL 823909, at *6, 2000 U.S. Dist. LEXIS 8986, at *16 (D. Kan. June 21, 2000).

11. *Id.*

12. Fed.R.Civ.P. 26(c)(7).

13. *W. Res., Inc. v. Union Pac. R.R. Co.,* 2002 U.S. Dist. LEXIS 1004 (D.Kan. Jan. 21, 2002) (citing *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D.Kan. Apr.18, 2000)).

14. *Id.*

15. *Id.*

in the request."[16] Although defendants assert they do not "categorize any of their Quonset buildings as military or farm storage Quonsets," the court finds it reasonable that defendants specify to which building—the military or farm storage Quonset—these documents apply. The court hereby orders that defendants specify to which Quonsets, military or farm storage, the previously produced documents refer.

*Request for Production No. 6*

■ In request for production No. 6, plaintiff seeks "records or documents or lists showing the names, addresses, and telephone numbers of each person or entity" that has purchased from any of the defendants "any additional steel arches after an initial first time purchase, limited to one event on a day certain, stating the building model number, number of arches and date of purchase." In their response to plaintiff's motion to compel, defendants object to this request as overly broad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and because the documents are protected as proprietary information.

■ The court will first address the overbreadth objection. A party objecting to discovery on the basis of overbreadth must support its objection, unless the request appears overly broad on its face.[17] The court finds that this request does not appear overly broad on its face. Defendants have not carried their burden to substantiate this objection. Defendants have made only a conclusory statement that the request is overly broad. Therefore, the court overrules this objection.

■ The court next addresses defendants' burdensomeness objection. In opposing discovery on the grounds of burdensomeness, a party has "the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[18] "This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents."[19] "Discovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery."[20] However, the "mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought does not itself require denial of the motion."[21]

■ Here, defendants have stated only that complying with plaintiff's request would require "numerous man hours." The court finds that defendants have not provided sufficient details or information in terms of time, money, or procedure involved in complying with this request. The court cannot speculate on the nature of the burden to defendants in complying with this request, and as a result, the court cannot balance the burden of production to defendants against the benefits of production to plaintiff. The court finds that defendants have failed to substantiate this objection, and, therefore, the court overrules this objection.

The court next addresses defendants' objection that the request is not reasonably calculated to lead to the discovery of admissible evidence. As noted above, relevancy is "broadly construed," and a discovery request "should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[22] "When the discovery sought appears relevant, the party resisting the dis-

16. Fed.R.Civ.P. 34(b).

17. *Etienne v. Wolverine Tube, Inc.,* 185 F.R.D. 653, 656 (D.Kan.1999).

18. *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.,* 209 F.R.D. 208, 213 (D.Kan.2002).

19. *Id.*

20. *Employers Comm. Union Ins. Co. of Am. v. Browning–Ferris Indus.,* 1993 WL 210012, at *5,

1993 U.S. Dist. LEXIS 21098, at *17–18 (D.Kan. Apr. 5, 1993).

21. *Snowden v. Connaught Lab., Inc.,* 137 F.R.D. 325, 332–33 (D.Kan.1991).

22. *Sonnino v. Univ. of Kan. Hosp. Auth.,* 2004 WL 769325, at *2, 2004 U.S. Dist. LEXIS 6220, at *6 (D.Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.,* 216 F.R.D. 666, 670 (D.Kan.2003)).

covery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery." [23]

The court is persuaded by plaintiff's argument that the requested discovery is relevant to plaintiff's RICO and KCPA claims. Defendants make only a general objection, without any supporting facts or arguments. Defendants have failed to carry their burden to show that the requested discovery lies outside the scope of relevancy or that the relevancy of this discovery is so marginal that the potential harm from complying with the request would outweigh the general presumption favoring broad discovery. Therefore, the court overrules this objection.

 Next, defendants assert that "a consumer has an expected privacy right that the information supplied to a manufacturer will not be disclosed to third parties." That discovery may invade an individual's privacy rights does not, by itself, make the discovery objectionable.[24] However, upon "a proper showing of such invasion of privacy, the court can enter an appropriate protective order." [25] As previously discussed, the parties shall have 10 days from the entry of this order to seek a protective order as they deem appropriate.

The court next addresses defendants' objection that the request is excessive on its face. Defendants rely on *Naerebout v. IBP, Inc.*, to support their position. The court in *Naerebout* considered a request for production of "all documents pertaining to lost time or absences related to workers injured on the job." [26] The court sustained the defendant's objections that the request was "vague, bur-

densome, and overbroad," and denied the plaintiff's motion to compel that discovery.[27] The court held that to "ask for all documents 'pertaining to' lost time or absences for every employee of defendant who has ever been injured on the job constitutes a discovery excess on its face." [28] Defendants argue that plaintiff is seeking the "same type of Request for Production" because plaintiff has requested " 'any and all documents' which depict the names, address, and telephone numbers of every individual or entity that has purchased a building from named defendants from the beginning of production until the date plaintiff filed the lawsuit."

The court is not persuaded by defendants' argument. Defendants misstate plaintiff's request. Plaintiff's request is smaller in scope, as it requests documents "showing the names, addresses, and telephone numbers of each person or entity that has purchased from any Defendant any *additional steel arches after an initial first time purchase* ...." Moreover, plaintiff's request does not contain "omnibus" phrases that would render the request overbroad on its face.[29] For these reasons, the court overrules this objection.

Finally, the court addresses defendants' objection that the information sought is protected as proprietary information. As noted above, confidentiality of documents "does not equate to privilege." [30] However, defendants' objections may, if substantiated, provide a sufficient basis for a protective order under Fed.R.Civ.P. 26(c). As discussed above, the court will allow the parties 10 days from the entry of this order to seek a protective order as they deem appropriate.

*Request for Production No. 7*

In request for production No. 7, plaintiff requests "records, documents, and policies of

---

**23.** *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D.Kan.2003).

**24.** *See Mackey v. IBP, Inc.*, 167 F.R.D. 186 (D.Kan., 1996).

**25.** *Id.*

**26.** *Naerebout v. IBP, Inc.*, 1992 WL 754399, at *9 (D.Kan. Aug.19, 1992).

**27.** *Id.*

**28.** *Id.*

**29.** *See Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655 (D.Kan., 1999) (finding that request was facially overbroad due to use of omnibus phrase "relating to").

**30.** *Williams v. Board of County Comm'rs*, 2000 WL 823909, at *6, 2000 U.S. Dist. LEXIS 8986, at *16 (D. Kan. June 21, 2000).

insurance which may possibly pay any damages in his First Amended Complaint that Defendants owe to Plaintiff and covering acts of the Defendants." Plaintiff states in his motion to compel that the defendants had indeed provided him "with a copy of the Declaration Sheet of an insurance policy," but that defendants' counsel had promised to produce a full copy of the insurance policy.[31]

In their response to plaintiff's motion to compel, defendants state they have "requested a copy [of the entire insurance policy] and are awaiting the same to produce to plaintiff." [32] Defendants further state that production of the insurance policy may take "as long as two months." [33] Based upon the time frame for which this motion has been pending, the court hereby orders defendants to produce to plaintiff a copy of the entire insurance policy within 20 days of the entry of this order.

*Request for Production No. 8*

■ In request for production No. 8, plaintiff requests a "copy of any and all warranties supplied by any of the six Defendants with purchase by any person or entity since 1993 of military Quonset Q52–18, or standard farm storage Quonset." In their response to plaintiff's motion to compel, defendants object that this request is overly broad and unduly burdensome.

The court will first address defendants' overbreadth objection. As stated above, a party objecting to discovery on the basis of overbreadth must substantiate its objection, unless the objection appears overly broad on its face.[34] The court finds that this request does not appear overly broad on its face. The court also notes that the request has a limited temporal scope from 1993 to the present. Defendants have not substantiated this objection, and, therefore, the court overrules it.

■ The court will next address defendants' burdensomeness objection. In opposing discovery on this ground, defendants have the burden to establish that "responding to the discovery is unduly burdensome." [35] Discovery should be allowed unless the hardship is unreasonable in the light of the benefits to be secured from the discovery." [36] However, that compliance with a discovery request will cause "great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought does not itself require denial of the motion." [37]

Defendants argue that complying with this request "would take an unreasonable amount of man hours to determine if responsive documents exist." Defendants also state that defendant Steel Factory "has dealers throughout the United States, and the warranties may differ upon geographic location and the potential of inclement weather within the area." Plaintiff argues that these documents are requested to compare the warranties given by Defendants or their agents for the production of the Military Quonsets to the warranties provided for farm storage Quonsets. Plaintiff believes that if defendants do "not have two different warranties" for the military and farm storage buildings, these documents would support plaintiff's RICO and KCPA claims "that Defendants have defrauded" plaintiff.

The court is unpersuaded by defendants' objection. Defendants have not provided sufficient facts as to the time, money, or procedure required to comply with the request, nor have they shown that the burden of complying with this request outweighs the benefits to plaintiff. For these reasons, the court overrules this objection.

---

31. Plaintiff's Motion to Compel, at 4.

32. Defendants' Response to Plaintiff's Motion to Compel, at 4.

33. *Id.*

34. *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D.Kan.1999).

35. *Employers Commer. Union Ins. Co. of Am. v. Browning–Ferris Indus.*, 1993 WL 210012, at *4,

1993 U.S. Dist. LEXIS 21098, at *16 (D.Kan. Apr. 5, 1993).

36. *Employers Commer. Union Ins. Co. of Am. v. Browning–Ferris Indus.*, 1993 WL 210012, at *5, 1993 U.S. Dist. LEXIS 21098, at *17–18 (D.Kan. Apr. 5, 1993).

37. *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 332–33 (D.Kan.1991).

Similarly, the court is unpersuaded by defendants' objection that the request "is a discovery excess beyond the issues addressed in the Pre–Trial Order." Defendants do not substantiate why they believe this request constitutes a "discovery excess" and their conclusory statement standing alone is insufficient to ground an objection. This case involves the warranty representations made to plaintiff, and presumably, the warranty representations made to other consumers could be relevant evidence to support plaintiff's claims. In any event, the court is not persuaded by defendants' conclusory statement that this discovery request is "excessive" standing alone, and it overrules this objection.

Finally, the court addresses defendants' objection that the request is not reasonably calculated to lead to the discovery of admissible evidence. The court finds that the request is relevant, and thus it is defendants' burden to establish that the materials are not relevant. The court finds that defendants have failed to carry their burden. Accordingly, the court overrules this objection. The court hereby orders defendants to produce all documents in their possession or under their control that are responsive to plaintiff's request No. 8.

*Request for Production No. 9*

In request for production No. 9, plaintiff requests "records in the possession of any of the six Defendants which indicate or reflect the live load and wind speed limits established by any of the six defendants, or used by any of their agents in the advertisement and sale of the Quonset Buildings in question, both military Quonset Model Q52–18 and standard farm storage Quonsets." Defendants object to this request on the ground that they "have no documents to produce regarding military or farm storage Quonset buildings." This is a statement of fact and not a proper objection. Obviously if defen-

dants do not possess any documents responsive to the request then they have nothing to produce. However, the court hereby orders defendants to produce to plaintiffs all documents in their possession or under their control that are responsive to plaintiff's request No. 9.

*Request for Production No. 10*

In his request for production No. 10, plaintiff requests "literature or brochure information used, by any of the six Defendants or their agents, in the advertisement and sale of the Quonset buildings, both military Model Q52–18 and standard farm storage Quonsets." Defendants appear to object to the request on the grounds that they have "no documents responsive" to plaintiff's request. As noted above, this is not a proper objection. If defendants do not possess any documents responsive to this request, they have nothing to produce. However, since defendants *objected* to production, the court hereby orders defendants to produce to plaintiff all documents in their possession or under their control that are responsive to plaintiff's request No. 10.

*Request for Production Nos. 12,13, 14, 15, 16, 17, 18, and 19*

 In their response to plaintiff's motion, defendants object to plaintiff's request Nos. 12–19 on the grounds that the information sought is protected by the work product privilege. "Federal courts narrowly construe all privileges, whether of constitutional, common-law, or statutory origin." [38] Defendants have the burden to prove that the work product privilege applies.[39] To meet their burden, defendants must make a " 'clear showing' that the asserted objection applies." [40] Defendants must also " 'describe in detail' the documents or information sought to be protected and provide 'precise reasons' for the objection to the discovery." [41]

Moreover, Fed.R.Civ.P. 26(b)(5) provides:

---

**38.** *Nat'l Union Fire Ins. Co., P.A. v. Midland Bancor*, 159 F.R.D. 562, 567 (D.Kan.1994).

**39.** *See Cromwell v. Sprint Communs. Co. L.P.*, 2000 WL 726339, at *4, 2000 U.S. Dist. LEXIS 7879, at *11 (D.Kan. May 26, 2000) (quoting *Boyer v. Board of County Comm'rs*, 162 F.R.D. 687, 688 (D.Kan.1995)).

**40.** *Id.* at *4, 2000 U.S. Dist. LEXIS 7879, at *12 (quoting *Ali v. Douglas Cable Communs.*, 890 F.Supp. 993, 994 (D.Kan.1995)).

**41.** *Id.* (quoting *National Union Fire Ins. Co., P.A. v. Midland Bancor*, 159 F.R.D. 562, 567 (D.Kan. 1994)). *See Marten v. Yellow Freight Sys.*, 1998 WL 13244, 1998 U.S. Dist. LEXIS 268 (D.Kan. Jan. 6, 1998) (discussing elements of the attorney-client privilege).

When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.[42]

Defendants have not provided any information showing that the work product privilege applies to the documents requested in plaintiff's requests for production Nos. 12–19. Defendants have made only a blanket assertion that the documents requested are protected by the work product privilege. Moreover, defendants have not identified the documents to which they refer, nor have defendants identified any documents in such a manner that would allow the court or plaintiff to determine whether the documents are privileged. In sum, defendants have failed to substantiate their claim that the documents requested are protected by the work product doctrine. For these reasons, the court overrules this objection. Defendants shall produce all documents in their possession or under their control that are responsive to plaintiff's request Nos. 12, 13, 14, 15, 16, 17, 18, and 19, or identify any specific documents withheld from production in the manner prescribed by Fed.R.Civ.P. 26(c)(3).

*Request for Production Nos. 20 and 21*

In his request for production No. 20, plaintiff requests a copy of "records, documents, or correspondence between any of the Defendants to and/or from Midwest Steel … and/or Universal Steel Buildings of Kansas City, Missouri." In request for production No. 21, plaintiff seeks copies, records, or documents "tending to prove or support the Defendants' allegation that upon shipment of an order form Steel Factory Corporation of Pennsylvania, that title to the merchandise shipped transfers to an independent dealer, such as Defendants have alleged, Midwest

Steel Span … or [U]niversal Steel Buildings."

In their response to plaintiff's motion, defendants appear to object to both of these requests on the grounds that they have no further responsive documents to produce to plaintiff.[43] As noted previously, this is not a proper objection. Accordingly, the court hereby orders defendants to produce to plaintiff all documents in their possession or under their control that are responsive to plaintiff's requests Nos. 20 and 21.

*Request Nos. 22 and 23*

Defendants have not asserted any objections to, nor do they address or discuss, plaintiff's request Nos. 22 and 23 in their response to plaintiff's motion to compel. The court generally considers only those objections relied upon in response to the motion.[44] Because defendants have not objected to these requests, the court hereby orders defendants to produce to plaintiff all documents in their possession or under their control that are responsive to plaintiff's request Nos. 22 and 23.

*Request No. 24*

In request No. 24, plaintiff seeks a "copy of any and all records or documents tending to prove or support the affirmative defense raised by Defendants that plaintiff's Amended Petition should be dismissed on the grounds that the Court lacks personal jurisdiction over the Defendants." In their response, defendants appear to object on the grounds that they "have no further documents to produce to Plaintiff in response to" this request. As noted previously, this is not a proper objection. Defendants are hereby ordered to produce to plaintiff all documents in their possession or under their control that are responsive to plaintiff's request No. 24.

### 3. Interrogatories

Defendants also object to plaintiff's interrogatory Nos. 4 and 5. Fed.R.Civ.P. 33 governs interrogatories, providing that an inter-

---

42. Fed.R.Civ.P. 26(b)(5).

43. Defendants' Response to Plaintiff's Motion to Compel, at 6 (stating that defendants "do not have any additional documentation to produce to

Plaintiff as a result of the Request for Production of Documents No. 20").

44. *See Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655 (D.Kan.1999).

rogatory may "relate to any matters which can be inquired into under Rule 26(b)(1)," and that an objection to an interrogatory "shall be stated with specificity."[45]

*Interrogatory No. 4*

■ In his interrogatory No. 4, plaintiff sought information regarding "how many warranty claims have been made to either of [defendants] by any purchaser of any Quonset building manufactured, sold, or otherwise dealt with by said Defendant, including the Q51–18 Quonset hut, and standard farm storage Quonsets." In their response, defendants objected on several grounds.

The court will first address defendants' objection that the interrogatory is overly broad. As stated above, a party objecting to discovery on the basis of overbreadth must substantiate its objection, unless the discovery appears overly broad on its face.[46] The court finds that this interrogatory does not appear overly broad on its face. Defendants have not substantiated this objection; rather, they have made only a conclusory statement that the information sought is overly broad. The court finds this request has a reasonable temporal scope from 1993 to the present. For these reasons, the court overrules this objection.

The court next addresses defendants' burdensomeness objection. Here, defendants have stated that compliance with plaintiff's request would require "numerous man hours and money." In his reply memorandum, plaintiff states that he would accept an answer that "gives information regarding warranty claims allegedly caused by wind made by purchasers who reside in Kansas or the neighboring states of Kansas." Plaintiff also states he would accept an answer "for the time frames . . . being from 1993 through 2001, or any of said years."

The court is unpersuaded by defendants' objection. The court finds that defendants have not provided sufficient details or information regarding the time, money, or procedure involved in complying with this request.

Thus, the court cannot balance the burden of production to defendants against the benefits of production to plaintiff. The court overrules this objection.

Next, defendants object that the information sought by plaintiff is protected from discovery as proprietary information. As stated above, the court finds that defendants' proprietary information objection does not, by itself, suffice to shield information from discovery. However, the court finds that, if substantiated, this objection may serve as a sufficient basis for a protective order. The parties shall have 10 days from the entry of this order to seek a protective order protecting such information from dissemination beyond the instant litigation as they deem appropriate. If defendants do not seek a protective order, disclosure of the information sought in this request will be required without the protection of any such order.

The court next addresses defendants' objection that consumers have a privacy right that their information will not be disclosed to outside parties. As stated above, that discovery may invade an individual's privacy is not, by itself, sufficient to make discovery objectionable.[47] However, this objection may also serve as a basis for entry of a protective order upon a "proper showing of such invasion of privacy."[48]

Defendants object that this interrogatory is not "narrowly tailored to the facts of this case." This statement appears to be an objection that the interrogatory is overly broad. As previously stated, a party objecting to discovery on the basis of overbreadth must support its objection, unless the request appears overly broad on its face.[49] The court find that this discovery request does not appear to be overly broad on its face. Defendants have not met their burden to substantiate this objection. Therefore, the court overrules defendants' objection.

**45.** Fed.R.Civ.P. 33.

**46.** *Etienne v. Wolverine Tube, Inc.,* 185 F.R.D. 653, 656 (D.Kan.1999).

**47.** *See Mackey v. IBP, Inc.,* 167 F.R.D. 186 (D.Kan., 1996).

**48.** *Id.*

**49.** *Etienne v. Wolverine Tube, Inc.,* 185 F.R.D. 653, 656 (D.Kan.1999).

Defendants also object that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. The court finds that this interrogatory is relevant to plaintiff's RICO claims. Defendants have not carried their burden to show that the interrogatory is irrelevant, and, therefore, the court overrules this objection.

*Interrogatory No. 5*

In plaintiff's interrogatory No. 5, plaintiff seeks, with regard to all warranty claims identified in the answer to interrogatory No. 4, "how many of said warranty claims have been denied by either Defendant. If any of said warranty claims were paid or free arches and/or buildings supplied to the purchaser, please list by name, address and telephone number, the identity of such purchasers."

In their response to plaintiff's motion, defendants object that this interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The court finds this interrogatory to be relevant to plaintiff's RICO claims. Defendants make only a conclusory assertion that such information is irrelevant and fail to support their objection. Accordingly, the court overrules these objections.

Defendants next object that the interrogatory seeks information that is protected as proprietary information. As previously indicated, the court will allow the parties 10 days from the entry of this order to seek a protective order regarding the use and disclosure of such information as they deem appropriate.

Finally, the court overrules defendants' objection that consumers have a privacy right that their information will not be disclosed to third parties. That discovery may invade an individual's privacy is, by itself, insufficient to make discovery objectionable.[50] However, upon a proper showing of an invasion of privacy, the court may issue a protective order.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (Doc. 56) is granted.

**IT IS FURTHER ORDERED** that defendants Aztec Steel Building, Inc., Universal Steel Buildings, Steel Factory Corp., Arnold Davis, Shawn Davis, and Gary Bonnaci, shall produce the requested discovery to plaintiff Bill J. Cory, within 20 days of entry of this Order.

**IT IS FURTHER ORDERED** that the parties shall have 10 days from the entry of this Order, or until and including January 28, 2004, to file a joint motion for protective order and submit a proposed agreed protective order to the court. If the parties are unable to agree upon a protective order, then the party seeking a protective order should file an individual motion and submit a proposed order by the same date.

**IT IS SO ORDERED.**

Dated this 13th day of January, 2005, at Topeka, Kansas.

50. *See Mackey v. IBP, Inc.,* 167 F.R.D. 186 (D.Kan.1996).