**Johnnie MERRILL and Kimberly Merrill, Plaintiffs,**

v.

**WAFFLE HOUSE, INC., Defendant.**

**No. 3:04–CV–888–M.**

United States District Court,
N.D. Texas,
Dallas Division.

March 22, 2005.

---

Brian Edward Robison, Scott T. Fuqua, Dallas, TX, Susan E. Huhta, Washington, DC, for Plaintiffs.

Rebecca Kimmel, Dallas, TX, Christopher A. McGraw, Lauren K. House, Tracey T. Barbaree, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION AND ORDER

LYNN, District Judge.

Defendant has filed Objections to the Magistrate Judge's January 14, 2005 Order, which granted in part Plaintiffs' "Motion to Compel Production of Documents". Because that Order is not dispositive of Plaintiffs' claims, the question before the Court is whether the Order is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (2005); *See also Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir.1992). The Court reviews the Magistrate Judge's legal conclusions *de novo,* and reviews her factual findings for clear error. *See Lahr v. Fulbright & Jaworski*, 164 F.R.D. 204, 209 (N.D.Tex.1996). For the following reasons, Defendant's Objections to the Magistrate Judge's Order are OVER-RULED.

### Background

Plaintiffs are asserting claims of race discrimination against Defendant under 42 U.S.C. § 1981 (2004) and 42 U.S.C. § 2000a (2004). Plaintiffs allege they were subjected to racial epithets and discriminatory service during their visit to a Waffle House restaurant in Euless, Texas in July of 2002. In pursuing their claims, Plaintiffs have requested extensive discovery pertaining to Defendant's financial records and its employee training procedures.

Defendant contested a number of Plaintiffs' discovery requests, arguing that the information sought by Plaintiffs was irrelevant to Plaintiffs' claims. In response, Plaintiffs filed a Motion to Compel. The Court referred the parties' discovery dispute to the

United States Magistrate Judge. The Magistrate Judge granted in part Plaintiffs' Motion to Compel, finding that Defendant had failed to meet its burden of proving that Plaintiffs' discovery requests were irrelevant to Plaintiffs' punitive damages claim. Defendant objects to the Order, insofar as it requires Defendant to produce records pertaining to: (1) the compensation of Defendant's "top three executives"; (2) Defendant's financial projections; (3) the comparative annual profitability of the Euless, Texas Waffle House restaurant; (4) amounts paid by Defendant to settle prior race discrimination lawsuits; and (5) the amount of money spent annually by Defendant on various "training expenses".

## Analysis

■ Defendant's principal Objection to the Magistrate Judge's Order is that she erred, as a matter of law, in assigning the parties' burdens of proof. The Magistrate Judge did not require Plaintiffs to show that their requests were relevant to their claims, but rather required Defendant to disprove the relevance of the requests. Defendant argues that the Court should have instead applied a burden-shifting analysis in which Plaintiffs would have borne the initial burden of proving relevance, and only if Plaintiffs were successful would the burden have shifted to Defendant to disprove relevance. Defendant alleges generally that Plaintiffs have failed to show how their requests satisfy the broad definition of the term "relevant". *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (information is relevant if it bears on, or "reasonably could lead to other matter[s]

that could bear on, any issue that is or may be in the case.").

The Court finds that the Magistrate Judge did not commit an error of law in assigning Defendant the burden of proving, in the first instance, that Plaintiffs' discovery requests were irrelevant. The lone Fifth Circuit case to address the issue requires a party who opposes its opponent's request for production to "show specifically how... each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990), citing *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir.1982).[1] Importantly, the Fifth Circuit applied this standard even when the relevance of the disputed discovery requests was not readily apparent to the trial court. *See id.* at 1485.

The Fifth Circuit's approach in *McLeod* is contrary to a number of other courts which employ the burden-shifting analysis urged by Defendant. In those courts, the party seeking discovery bears the initial burden of proving relevance, unless relevance is facially apparent. *See, e.g., Etienne v. Wolverine Tube, Inc.,* 185 F.R.D. 653, 656 (D.Kan.1999); *Andritz Sprout–Bauer, Inc. v. Beazer East, Inc.,* 174 F.R.D. 609, 631 (M.D.Pa.1997); *Corrigan v. Methodist Hosp.,* 158 F.R.D. 54, 56 (E.D.Pa.1994). Only after that party is successful does the burden shift to its opponent to disprove relevance. *See id.* However, such an approach is not controlling in this circuit.[2] After an independent review of the law, the Court finds no error in the Magistrate Judge's relevance determination, and it OVERRULES Defendant's Objections in that respect.

1. Defendant argues that the *McLeod* case only addresses the parties' burdens with respect to motions for protective orders, and is therefore inapposite to the instant dispute. The Court disagrees. In *McLeod,* the Fifth Circuit found that: (1) it was not an abuse of discretion for the trial court to find that the plaintiff's discovery requests were relevant, given that the defendant had failed to identify any specific reasons for their irrelevance; and (2) the defendant's request for a protective order was without merit. *See McLeod,* 894 F.2d at 1485.

2. Defendant claims the Fifth Circuit adopted a burden-shifting analysis in *F.D.I.C. v. LeGrand,*

43 F.3d 163, 172 (5th Cir.1995). *LeGrand* is distinguishable. First, *LeGrand* holds that a party seeking post-judgment discovery under FED. R. CIV P. 69(a) bears the burden of proving relevance, but it does not address pre-trial discovery under FED. R. CIV. P. 26. *See id.* Second, *LeGrand* addresses the parties' burdens with respect to requests for production of income tax returns, and the case on which *LeGrand* relies explains that tax returns are subject to a more stringent discovery burden than other records. *See U.S. v. Bonanno Organized Crime Family of La Cosa Nostra,* 119 F.R.D. 625, 627 (E.D.N.Y. 1988).

■ Defendant next argues that the Magistrate Judge erred by permitting discovery of the salary figures of its "top three executives". It claims its executives' compensation records should be subjected to the same protections afforded to personal income tax returns. Defendant notes that in Texas, income tax returns are not privileged, but state courts often require a party seeking their production to satisfy a heightened showing of relevance before discovery will be permitted. *See Martin v. Darnell,* 960 S.W.2d 838, 844 (Tex.App.—Amarillo 1997, orig. proceeding). The justification for the additional protection is that a person's tax return is likely to contain information that is simultaneously private and irrelevant to the Court's inquiry. *Dyna Span Corp. v. Hoffman,* 754 S.W.2d 341, 344 (Tex.App.Dallas 1988, no writ). However, Defendant does not cite, and the Court has not located, any precedent for imposing a heightened discovery burden for parties seeking disclosure of the salaries of executives of a corporate defendant.

In the Court's view, salary figures are distinguishable from personal income tax returns. By permitting discovery of the salary figures, the Court does not run the same risk of errant disclosure of irrelevant private information that applies when a party seeks production of tax returns. Therefore, the Court finds that the Magistrate Judge's Order was not clearly erroneous or contrary to law when it permitted such discovery, and the Court OVERRULES Defendant's Objection in that respect.

■ Defendant also alleges that the Magistrate Judge committed an error of law in allowing discovery regarding the amounts of confidential settlements between Waffle House and plaintiffs in other discrimination lawsuits. It notes that many courts require parties seeking discovery of confidential settlement agreements to make a particularized showing of relevance before discovery will be permitted. *See, e.g., DIRECTV, Inc. v. Puccinelli,* 224 F.R.D. 677, 686 n. 31 (D.Kan. 2004). Defendant argues that the same approach should be adopted by this Court. Defendant claims the Magistrate Judge erred when she opined that the discovery requests

were sufficiently relevant to Plaintiffs' "pattern and practice" claims to warrant discovery, because "pattern and practice" claims are unavailable, as a matter of law, to Plaintiffs. *See Celestine v. Petroleos de Venezuella, SA,* 266 F.3d 343, 356 (5th Cir.2001). The Court need not reach the merits of Plaintiffs' "pattern and practice" claims to resolve this dispute. In their papers before the Magistrate Judge, Plaintiffs explained that the settlement records were relevant to their claim for punitive damages, because their expert hoped to compare the ratio between the amounts Defendant paid to settle race discrimination lawsuits with amounts spent on employee anti-discrimination training. Even assuming the Court required a party seeking settlement records to make a particularized showing of relevance, Plaintiffs' explanation would be sufficient to warrant production.[3]

■ Finally, Defendant alleges the Magistrate Judge erred when she approved "nationwide discovery" regarding Defendant's profitability figures, financial forecasts and training expenses, and when she failed to acknowledge the undue burden imposed on Defendant by Plaintiffs' discovery requests. The Magistrate Judge found the scope of discovery to be appropriate in light of Plaintiffs' punitive damages claim, and that the benefit of such information to Plaintiffs outweighed its burden on Defendant. Defendant disagrees, asserting that Plaintiffs' discovery request "conceivably requires production" of thousands of documents from 1400 nationwide Waffle House restaurants. However, Defendant cannot attack the propriety of Plaintiffs' discovery requests with hypothetical arguments. Defendant must produce specific evidence that each challenged discovery request causes it to incur an actual and undue burden. *See McLeod,* 894 F.2d at 1485. Defendant has not done so. Accordingly, the Court does not conclude that the Magistrate Judge's decision was clearly erroneous.

### Conclusion

For the aforementioned reasons, the Court finds that the Magistrate Judge's Order, is-

---

3. The settlement documents and all other confidential material are subject to the Consent Protective Order, signed by the Court on September 23, 2004.

sued on January 14, 2005, was neither clearly erroneous nor contrary to law. Plaintiffs' Objections are OVERRULED in their entirety.

**SO ORDERED.**